Botkin, *Appellant*, v. McIntyre.

81   557
87a 508

**Contract**: ASSENT OF PARTIES. There can be no contract without the assent of the parties thereto, but this assent may be indicated in various ways, and courts cannot say what facts, or words or acts indicate the agreement between the parties. Each case must be governed by its own facts, and it is error to instruct the jury that silence at the time does not constitute assent, unless there was some overt act of acquiescence after the thing proposed had been done

*Appeal from Audrain Circuit Court.*—Hon. Elijah Robinson, Judge.

Affirmed.

*George Robertson* for appellant.

Respondent proposed to exchange hay. Appellant did not assent. The essentials of a contract are: 1st, Parties; 2nd, Consideration; 3rd, Assent of parties; 4th, The subject matter. Without these four essentials there can be no contract. 1 Parsons on Cont., (5 Ed.) p. 8. There was no assent of parties, hence no contract. "Agreement requires for its creation, at least, two parties." The parties must have a distinct intention, and that intention must be common to both. When there is doubt or difference, there can be no agreement. Anson on Cont., (1 Ed.) p. 2. "In the case of contracts which are made by the acts of the parties, and not by proposal and acceptance in words, it would appear that silence must give consent; but then it must be silence coupled with some overt act of acquiescence." Anson on Cont., (1 Ed.) p. 16. There was no

overt act of acquiescence on the part of plaintiff and the fifth instruction asked by him should have been given.

*F. M. Brown* for respondent.

Where the court tries the case without a jury, this court will look to the facts found, and if they warrant the judgment it will be affirmed, without regard to the instructions given or refused. *Robinson v. Rice,* 20 Mo. 229, 236. The third instruction was embraced in the second given and it was not error to refuse it. *Martin v. Smylee,* 55 Mo. 577; *State v. Miller,* 67 Mo. 604. Plaintiff did assent to defendant's proposal to exchange stacks of hay. He made no reply, was silent. " So, also, the silence of either party will import assent to the terms of the contract, whenever it would have been incumbent on him to express his dissent, if he did not agree thereto; or when his silence is explicable only by the presumption of his assent. But whether the facts of the case indicate a mutual agreement, is for the jury to determine." Story on Cont., § 379; *Hubbard v. Coolige,* 1 Met. 93; *Thurston v. Thornton,* 1 Cush. 89. " If a party by his silence directly leads another to act to his injury, he will not be permitted, after injury has happened, to then allege anything to the contrary, for he, who will not speak when he should, will not be allowed to speak when he would." *Pelkington v. Ins. Co.,* 55 Mo. 172, 178. His silence was an admission that he had no objection, and such silence may have the same contractual force and bind as effectually as words of assent. Wharton Law of Cont., § 6. If the plaintiff caused or did not prevent a false impression when he might have done so, and the defendant acted on the honest belief that plaintiff did consent, then plaintiff is estopped to assert anything now to the injury or prejudice of the defendant in respect to that matter. 2 Parsons on Cont., (5 Ed.), p. 793; *Freeman v. Cooke,* Exch. (Welby H. & Gordon) 654; *Chouteau v. Goddin,* 39 Mo. 229; *Bales v. Perry,* 51 Mo. 449; *Spurlock v. Sproule,* 72 Mo. 503.

EWING, C.—This suit was commenced before a justice of the peace to recover the value of one stack of hay, alleged to have been used by the defendant without authority, and for damage to certain other hay of plaintiff by the defendant's stock. Verdict and judgment for defendant, from which plaintiff appealed to the circuit court, where, upon a trial *de novo*, the result was again in favor of the defendant, and the plaintiff brings the case here by appeal.

It appears that in September, 1879, the respondent sold the appellant a lot of hay then standing on respondent's farm in Audrain county. At the time of the sale the respondent had other hay standing in the same meadow, and he also had some stock, a few head of cattle and horses, running in the meadow and being allowed to remain there for some time they ate around the bottom parts of the stacks and consumed some portion of such as they chose to go to. The respondent went to the appellant and told him that with his (appellant's) consent he would use two of the stacks in the north meadow because they had been injured by the stock, and leave appellant two other stacks in the south meadow. Appellant made no reply and respondent used one of the stacks. The plaintiff then sued for the stack of hay so taken, and for damage to the others. The evidence tended to show that the defendant, when he sold the hay to plaintiff agreed to remove his stock from the meadow, as soon as he could sell it, but that the stock must run in the meadow until that time.

Upon the other branch of the case, the evidence tended to show that defendant went to plaintiff and told him that the stock had damaged the hay in the north meadow : " If you will let me, I will use two of those stacks damaged, and leave you two in their place in the south meadow." Plaintiff made no reply, but turned and walked off. That the north meadow hay was a pure timothy and worth more than the other which was part "red top."

It is insisted by the appellant that there was no agreement between plaintiff and defendant, that defendant should use two stacks of hay in the north meadow, and leave, for plaintiff, two in the south meadow in lieu thereof, because there was no assent by plaintiff to the proposition of defendant, and that the court erred in refusing the fifth instruction asked by the plaintiff, which is as follows :

5.   The court declares the law to be that, before there could have been a contract for exchange of hay between plaintiff and defendant, there should have been an assent, on the part of plaintiff, to defendant's proposition of exchange; and that mere silence on the part of plaintiff to said proposition, at the time it was made, does not constitute such assent, unless it further appears from the evidence in the cause, that there was some overt act of acquiescence on the part of plaintiff to the use of the stack of hay by defendant, after he (plaintiff) learned that defendant had taken it.

This instruction is too broad in its requirements.   By it the proposition is asserted that no act on the part of plaintiff could show his assent to the proposal for exchange of hay made by the defendant, except that act was after plaintiff had learned that defendant had taken the hay. This was taking from the jury every question, save those "overt acts of acquiescence on part of plaintiff" indicating his assent, which took place after defendant had taken the hay.  No other act could be inquired into.  Many things might have been done by plaintiff which would indicate to the triers of the fact his assent.   There can be no contract without the assent of the parties thereto.  1 Parsons on Con., p. 8.  But this assent may be indicated in various ways.   The courts can not say what facts, or words, or actions indicate the agreement between parties.   Each case must be governed by the facts and circumstances developed, and by which the triers of the fact must be led to the truth.

The question, moreover, was fairly submitted in the

first instruction asked by the plaintiff and given by the court; under which the court sitting as a jury could not find for the defendant without directly passing upon the question of the consent of plaintiff to the defendant's proposition for exchange.

Having done so, this court cannot question the propriety of the verdict and judgment below, which is affirmed. All concur.