J. D. BYRNE, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, April 29, 1898.

1. Justice's Court: STATEMENT, SUFFICIENCY OF. No formal pleadings are required before justices.

2. ————: ————: IMPERFECT STATEMENT CURED BY VERDICT. Plaintiff's statement of his cause of action was imperfect—not, however, to the extent of failing to state any cause of action. It was therefore cured by a verdict in his favor.

*Appeal from the Mississippi Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

MARTIN L. CLARDY and R. GRAHAM FROST for appellant.

The court erred in overruling defendant's objection to the introduction of any testimony under the pleadings. Crescent Furniture & Lumber Co. v. Raddatz, 28 Mo. App. 210; Clements v. Goodspeed Pub. Co., 40 Mo. App. 589. The pleadings showed that Byrne

was the agent of Wilson; that the debt was due Wilson; that the power of attorney constituted such agent, gave him special powers to sue in the name and for the use of Wilson. When powers are thus conferred, they can only be exercised in the particular way pointed out. See Globe Furniture Co. v. District 7, etc., 51 Mo. App. 549. In a suit brought before a justice of the peace, the plaintiff may appear by an agent, but the suit can not be prosecuted in the agent's name. Crescent Lumber Co. v. Raddatz, *supra*, where the court says: "In this state civil actions must be prosecuted in the name of the real party in interest."

BOME & LEE for respondent.

Formal pleading is not required in justice's court (R. S. 1889, sec. 6138), and a statement before a justice of the peace is sufficient when it identifies the parties so as to bar a subsequent action. Sturdy v. Land Co., 33 Mo. App. 47, and numerous other cases. The testimony was undisputed that Byrne was the owner of the account; it was transferred to him absolutely in payment of a debt owed him by Wilson. Therefore, according to the statutes, he alone could sue (R. S. 1889, sec. 1990). Who is the real party is a question of fact. Nanson v. Jacob, 93 Mo. 347. There were no pleadings in this case; nothing but a simple statement of account and a summons thereon. The account was made out in the name of the true owner and informed the defendant of its origin. The suit was prosecuted throughout in the name of the real party to whom the money was due.

BOND, J.—This action was begun before a justice upon the following statement:

"BIRD's POINT, Mo., Dec. 24th 1896.

St. Louis, Iron Mountain & Southern Railway Co. (Cat Branch).

In account with J. D. Byrne, dealer in general merchandise.

For labor performed by Geo. Wilson as follows:

Twenty-one days in August, 1896 at $1.25 per day........$26 25
Seven days in September, 1896, at $1.25 per day......... 8 75

Total amount ... .......... .... ... ....... ... $35 00

Accompanying the above statement plaintiff filed a power of attorney to him from said Wilson to collect all sums payable to the latter, especially all wages due him by the defendant railway. Plaintiff had judgment before the justice and also on appeal in the circuit court, from which latter judgment defendant appealed to this court.

The evidence shows, without contradiction, that the account sued on had been assigned to plaintiff by Wilson, and that defendant owed the amount of the account for services rendered to it by Wilson. It is insisted by appellant that the statement of the cause of action filed before the justice was fatally defective, and that it failed to recite expressly the assignment to plaintiff by Wilson of the account set forth in the statement. No formal pleadings are required before justices. The statement in question shows that plaintiff asserted therein that he was the owner of an account in favor of Wilson against the defendant. This, by necessary implication, involved the idea that the account had been assigned to plaintiff, for otherwise he could not have been the owner thereof. The fact of the assignment of the account to plaintiff was shown on the trial. Plaintiff's statement of his cause of action was imperfect—not, however, to the extent of failing to set forth *any* cause of action. It was therefore cured by the verdict in his favor. The judgment is affirmed. All concur.