KENNETH SMITH, Respondent, v. JOHN M. WILLIAMS, Executor, etc., Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. ADMINISTRATION: Statement of Demand: Sufficiency of. A statement of demand presented against an estate which is set out in the opinion, is held a sufficient statement to notify the administrator of what the claimant relied upon.

2. ——: Contract: Evidence: Acceptance: Notes. Evidence relating to an offer by deceased for the services of the claimant is reviewed and held sufficient, as is also the evidence relating to claimant's acceptance of the offer; and certain absences from the employment are held proper but not conclusive evidence against such assent, and the execution of certain notes by the claimant to the deceased is not conclusive against the existence of the contract.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin*, Judge.

AFFIRMED.

*John W. Moore* and *W. M. Williams* for appellant.

(1)  The statement, "for services rendered per contract," was wholly insufficient to constitute a cause of action, or sustain a judgment and defendant's objection to the introduction of any evidence under the statement and the pleadings should have been sustained by the trial court.  Watkins v. Donnelly, 88 Mo. 322; Seligman v. Rogers, 113 Mo. 660; Brashears v. Stork, 46 Mo. 221; Carson v. Waller, 104 Mo. App. 621.  (2)  There must be an offer and an acceptance.  The acceptance must be absolute, unambiguous, unequivocal, without condition, or reservations, and in exact accordance with the offer. It must not vary from the offer either by way of omissions, additions or alterations.  The contract must bind both parties.  Perkins v. School Dist., 99 Mo. App. 481; Scott v. Davis, 141 Mo. 225, and citations; Taylor v. Schraeder, 107 Mo. 207.  (3)  The fact that the plaintiff made his home with his grandfather and was a member of his family, more or less of his time, from the time he went to live there when he was about sixteen years old, until the death of the latter, does not, of itself raise an implied promise of payment, but the law presumes the services he rendered were gratuitous.  Sloan v. Dale, 90 Mo. App. 87; Woods v. Land, 30 Mo. App. 176; Brock v. Cox, 38 Mo. App. 40; Penter v. Roberts, 51 Mo. App. 222; Finnell v. Gooch, 59 Mo. App. 209; Lawrence v. Bailey, 84 Mo. App. 107; Guenther v. Brikicht's Admr., 22 Mo. 439; Erhart v. Dietrich, 118 Mo. 418.  (4)  The third instruction for plaintiff is misleading and wrong. Kearney v. McKeon, 85 N. Y. App. 136; Bean v. Tonneli, 94 N. Y. 382; Carpenter v. Hays, 153 Pa. St. 432; Estate of Weaver, 182 Pa. St. 349; Coulstion's Estate, 161 Pa. St. 151.

*R. M. Embry* for respondent.

(1).  The statement of the demand meets the requirements of the statutes and more.  Under all the de-

cisions in this State the statement is amply specific. A less specific statement than the one at bar has been approved by this court. Wood v. Land, 35 Mo. App. 381; Williams v. Gerber, 75 Mo. App. 32; State ex rel. v. Seahorn, 139 Mo. 582; Walker v. Gayo Estate, 73 Mo. App. 94. (2) The case of Watkins v. Donley cited in appellant's brief does not support their contention. In that case defendants moved for a more specific statement, in this case no such motion was filed. Watkins v. Donley, 88 Mo. 322. (3) The appellants complain about the acceptance of offer on part of respondent. This is one case where "actions speak louder than words." That acceptance of contracts or offers may be evidenced by acts is no longer a question for debate. Lungstrass v. German Ins. Co., 48 Mo. 201; Botkin v. McIntyre, 81 Mo. 557; Lancaster v. Elliott, 28 Mo. App. 86; Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Arnold v. Cason, 95 Mo. App. 426; Murray v. Crooks, 79 Mo. App. 89; Brown v. Smith, 113 Mo. App. 59. (4) The weight of the evidence is strongly in favor of claimant, but were it otherwise, this court will not reverse a judgment because the verdict is against the seeming weight of the evidence. Huckshorn v. Hartwig, 81 Mo. 649; Cunningham v. Snow, 83 Mo. 587; Miller v. Brenecke, 83 Mo. 163; Meyer v. McCabe, 73 Mo. 237; Roach v. Colber, 76 Mo. 652. (5) Even if the verdict was against the weight of evidence, this court will not interfere for the manifest reason, that the jury who tried the cause and heard and saw the witnesses was in better position to weigh the evidence than this court can be. Huckshorn v. Hartwig, supra. (6) The Supreme Court of Missouri holds that in cases of this character it is a question for the jury to determine, from all the circumstances, whether the services were rendered under a contract for compensation. Hart v. Hart, 41 Mo. 445; Smith v. Meyers, 19 Mo. 433; Guenther v. Birkucht, 22 Mo. 439; Woods v. Laud, 30 Mo. App. 176.

(7)   Even should it be that the services to be rendered in response to the proposition made by J. W. Smith were not performed completely and continuously, yet does not the evidence show that plaintiff's services were satisfactory and were acceptable to the deceased.   Downey v. Burke, 23 Mo. 228; Lowe v. Sinklear, 27 Mo. 308; Dutro v. Walker, 31 Mo. 516; Thompson v. Allsman, 7 Mo. 530.

BROADDUS, P. J.—The plaintiff began this suit in the probate court against the defendant as the executor of the will of John W. Smith, deceased, on the following demand:

"The Estate of J. W. Smith, Deceased, to Kenneth Smith, Dr.

To $240.00 which deceased owed the claimant
  since the year 1887 .... ...... .... ....$240.00
To interest on $240.00 at 6 per cent since the
  year 1887 .... .... .... .... .... ....   259.20
To services rendered as per contract from Octo-
  ber 5, 1901, to October 5, 1902 .... ...... ..  200.00
To services rendered as per contract from Octo-
  ber 5, 1902, to October 5, 1903 ..........  200.00
To services rendered as per contract from Octo-
  ber 5, 1903, to October 5, 1904 ..........  200.00
To services rendered as per contract from Octo-
  ber 5, 1904, to October 5, 1905 ..........  200.00
To services rendered as per contract from Octo-
  ber 5, 1905, to December 17, 1905 ........   38.00
To principal of promissory note herewith filed   50.00."

The defendant filed a counterclaim consisting of five promissory notes executed by the plaintiff and payable to deceased, to-wit: one note, $50.00, dated May 2, 1900, payable in two months after date with eight per cent compound interest; one for $30.00, dated May 18, 1902, due one day after date, bearing six per cent compound interest; one for $30.00, due in one day, bearing six per

cent compound interest; one for $125.00, dated June 26, 1902, payable two years and twenty-seven days after date, bearing eight per cent compound interest; and one due for $80.00, dated April 30, 1904. The plaintiff recovered in the probate court and defendant appealed to the circuit court, where the plaintiff again prevailed, and the defendant appealed to this court. On the trial, plaintiff abandoned the first two items of his account.

It appears from the testimony in the case that plaintiff had been living with his grandfather, the deceased, for several years prior to the 5th day of October, 1901, the date of the first item of the account now in controversy. In order to prove a contract with his grandfather, the plaintiff introduced a witness by the name of Sam Smith who, in answer to an interrogatory, said: "Well, at the time I was living on John Smith's property (the property of deceased) in the hotel there, and I went up to see Uncle John that morning about fixing the locks on the doors of the house and Mr. Smith, Uncle John, and Ken was there when I drove around, and I made the remark, 'Uncle Johnny, I wish you would go down there and fix some locks on the doors,' and he says, 'All right, I will have Ken to fix them,' and we kept talking on, first one word and another, and he says, 'Ken is talking about going off,' and he says, 'I have tried to get him to stay here. I have offered him $200 a year if he will stay, but he has not said he would take it or not.' This was about the first of October, 1901." Plaintiff's mother testified that he was eighteen years of age at the date of the alleged contract. According to her testimony prior to the time mentioned she lived on property adjoining deceased, during which time plaintiff was with his grandfather part of the time, nursing him in his sickness and acting as if he was his son; that about October she moved away and left plaintiff with deceased, from which time he lived

with his grandfather until he died. She further testified that deceased told her, that he wanted plaintiff to stay with him as he could take care of him better than any one else, and that if plaintiff would stay with and take care of him he would do what was right by him. It appears from the evidence that plaintiff conducted for a while a small grocery business in Clarksburg, which ostensibly belonged to deceased; that he attended to his business generally, and nursed and worked for him from October, 1901, except at intervals, to the date of his death. It was shown that the services of plaintiff were important and valuable to the deceased.

The first point raised by defendant is that plaintiff's statement is wholly insufficient and does not state a cause of action. It is held that a statement of claimant filed in a probate court as follows, "To Services Rendered from July, 1869, to February, 1872, $2,500.00," should upon motion be made more definite. The statement here filed is much more specific. At least it stated a cause of action imperfectly which was amendable. In Seligman v. Rogers, 113 Mo. 648, the statement was thus:

"New York, June 1, 1883.

"Mr. C. W. Rogers, in account with J. & W. Seligman & Co., 1883:

June 1.   To first installment of subscription,
           June first, one thousand shares Atlantic
           & Pacific stock ....................$10,000.00,"

and so on for similar stock. The court held that the statement was wholly insufficient to sustain a judgment on the ground that it gave no notification that plaintiff would expect to prove a loan or money advanced for Rogers' benefit. Here, however, the executor was notified that plaintiff would expect to prove that he had a contract with deceased that he was to pay him $200 for

his services annually. In Brashears v. Strock, 46 Mo. 221, the statement was as follows:

"M. F. Strock, A. Seibert, H. Garlock, Jesse Hall, John G. Kelly, To Richard Brashers. $50.00." The court held the statement wholly bad as it gave no information whatever to defendant of the grounds upon which plaintiff sought to recover. A similar statement to the one here was approved in Byrne v. Railway, 75 Mo. App. 36. We think the statement sufficient under all the authorities.

The question is raised as to whether the plaintiff proved the alleged contract. The evidence shows without contradiction that deceased said that he had offered plaintiff $200 a year to stay with him, and it sufficiently appears that he did stay with him from that time until his death except during certain intervals. It is not necessary that there should have been proof of assent by the plaintiff by the speaking of words, but an overt act of acquiescence of the offer was sufficient. [Botkin v. McIntyre, 81 Mo. 557; Brown v. Smith, 113 Mo. App. 59; Arnold v. Cason, 95 Mo. App. 426; Murray v. Crooks, 79 Mo. App. 89; Kendall Boot & Shoe Co. v. Bain, 46 Mo. App. 581.]

And the fact that plaintiff was sometimes absent from the home of deceased on his own business was a circumstance going to disprove assent by him of the offer of the deceased, but it was not conclusive evidence upon that question. It may have been that plaintiff's grandfather assented to such intervals of absence, as plaintiff continued with him afterward, rendering useful and necessary service. If the deceased was satisfied with the manner in which plaintiff performed his part of the contract, no one else had the right to complain. Neither is the fact that during the time mentioned plaintiff executed the various promissory notes payable to deceased conclusive evidence against the existence of the contract. Such conduct is not inconsistent with the conclusion that

there was a contract. It may have been the manner ad-adopted by deceased of evidencing payments made to plaintiff, or evidence of money borrowed from him to be accounted for on settlement.

The instructions of the court placed the case fairly to the jury under the law. And we fail to see that the one numbered three given for plaintiff is subject to the criticism suggested by defendant. Finding no error on the trial, the cause is affirmed. All concur.