**Paul M. RONEY, Appellant,**

**v.**

**PAUL TISHMAN CO., Inc., Appellee.**

**No. 13905.**

United States Court of Appeals Third Circuit.

Argued May 10, 1962.

Decided May 29, 1962.

Gilbert I. Yaros, Philadelphia, Pa., for appellant.

Joseph R. Thompson, Philadelphia, Pa. (David L. Pennington, Philadelphia, Pa., on the brief), for defendant-appellee.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

PER CURIAM.

This is a personal injury case in which plaintiff's theory of recovery is that he is a third-party beneficiary of a contract which he claims amounts to indemnity against liability running for his benefit. He was an employee of a subcontractor on a public construction job in Pennsylvania. The defendant was the general contractor for the General State Authority. Plaintiff, while working on the job, was struck by a falling piece of lumber. Admittedly the defendant was his statutory employer which brought him under the Pennsylvania Workmen's Compensation Act of 1939, Section 303, P.L. 520 § 1, 77 P.S. § 481. To avoid the impact of this, his contention is that he comes within Section 18 of the contract between defendant and the State Authority. By that section the "Contractor shall take all necessary precaution to prevent injury or damage to the public and to any property or thing during the performance of the contract." That language simply does not apply to plaintiff.

The indemnity language of Paragraph 18 reads: "Contractor shall indemnify and save harmless The Authority and all its officers, agents or employees from all suits, actions or claims * * * by any person * * * by or on account of any act or omission whatsoever of the said Contractor during the performance of said work." Again there is nothing here having the slightest bearing on the plaintiff's present suit. The State Authority is not a party to the litigation. And there can be no reasonable inference drawn from the indemnity provision in support of plaintiff's complaint against the defendant or which would afford even possible tieup of the protection to The Authority clause with the cause of action before us.

We agree with the district court that the complaint fails to state a claim upon which relief can be granted and affirm the judgment of dismissal in that court.