Robert J. SARGENT, Plaintiff-Respondent,

v.

Henry W. WEKENMAN and Mathilda Wekenman, Defendants-Appellants.

No. 31413.

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1964.

Wyne & Delworth, Edward J. Delworth, Clayton, for defendants-appellants.

Granville L. Gamblin, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

This is an action for a real estate broker's fee claimed to have been earned by

producing a proposed lessee of defendants' property. Verdict and judgment below was for plaintiff for $6,000, from which defendants appealed.

Defendants were the owners of a lot located on the northeast corner of Olive Street and Warson Roads, in Creve Coeur, Missouri. They employed plaintiff as their exclusive agent to lease their property by executing a written listing agreement dated July 1, 1959, which was to remain in force for six months from that date. Shortly after it expired, plaintiff called the fact to their attention and was told to continue his efforts in their behalf. Among others contacted by plaintiff during the six months period was Eugene Mosley, who with his son, Clyde, was engaged in the manufacture of aircraft and missile parts. Eugene and Clyde Mosley owned all of the stock in three corporations, one of which was a sales company named Lambert-St. Louis Enterprises, Inc.

Although plaintiff had contacted Eugene Mosley before December 31, 1958, the date on which his written listing contract expired, plaintiff did not bring his negotiations with him to a successful conclusion until, apparently, sometime in April 1959 (plaintiff was indefinite as to dates). Plaintiff testified that he had the "Title Company" draw up a written lease, in which Lambert-St. Louis Enterprises, Inc. was the lessee, and had the instrument executed by Eugene Mosley, as president, and Clyde Mosley as secretary. Clyde Mosley testified on behalf of plaintiff that prior to its execution a meeting of the company's board of directors was held, at which the entering into of the lease was authorized.

Following its execution by the proposed lessee, plaintiff presented the written instrument to the defendants and informed them that Eugene Mosley had given him a check for $3,000 for the first six months rent to be paid by the corporation, as provided in the lease. In connection with their consideration of the lease defendants examined a credit report on the company—

obtained for them, according to the defendants (as stated in their deposition, which plaintiff introduced in evidence) by plaintiff, and by defendants' lawyer, according to plaintiff. In any event, after studying the credit report and the proposed lease defendants refused to execute the latter instrument on the sole ground that they did not consider Lambert-St. Louis Enterprises, Inc., substantial enough to carry out the provisions of the lease.

██ Defendants introduced no evidence in their behalf. At the close of the case they submitted a motion for a directed verdict, which the court overruled, and the case was submitted to the jury with the result stated. Their first assignment on appeal is that the court erred in refusing their motion for a directed verdict. Four grounds are advanced under this point. Probably the most cogent reason advanced is that plaintiff failed to show he had produced a ready, willing and able lessee because (as expanded in the argument portion of defendants' brief) there was no evidence that Lambert-St. Louis Enterprises, Inc. was financially able to fulfill the obligations imposed on it by the prospective lease. That point, however, was not presented in defendants' motion for a directed verdict. The only grounds in the motion which bears even a slight similarity to the point now raised was limited to the plaintiff's alleged failure to prove the corporate existence of Lambert-St. Louis Enterprises, Inc., and its authority to enter into a 99 year lease. Defendants have abandoned that ground and are thus seeking to present one here which was not passed upon by the trial court. Under our code of civil procedure a defendant who offers a directed verdict, authorized by Civil Rule 72.01, V.A.M.R., is required to make known to the trial court the grounds of his motion, either in the motion or orally. Civil Rule 79.01; Oganaso v. Mellow, 356 Mo. 228, 201 S.W.2d 365; Schubert v. St. Louis Public Service Co., Mo.App., 206 S.W.2d 708, aff. 358 Mo. 303, 214 N.W.2d 420; Meyer v. St. Louis Public Service Co., 241

Mo.App. 1057, 253 S.W.2d 525. Three of the grounds now sought to be raised were not stated in either manner, nor were they presented in defendants' motion to set aside the judgment or for a new trial. We will therefore confine our consideration to the one ground which has been properly preserved for appellate review.

That ground is that plaintiff's evidence failed to prove that the defendants had agreed to pay plaintiff a commission of $6,000. This requires a further statement of the evidence. The listing contract executed by defendants was on a printed form intended to be used in listing property for sale, and provided that the owner agreed to pay plaintiff, " * * * the commission fixed by the St. Louis County Real Estate Board as follows: 5% of gross amount of sale * * *." However, plaintiff testified that he discussed the matter of his compensation with the defendants and told them that his commission for obtaining a lessee would be five per cent of the valuation the defendants put on the property; that he mentioned to them the rules of the Real Estate Board; that these rules, read into evidence, provided that a broker's compensation for leasing commercial property for more than 30 years, where he was not employed to collect the rent, was five per cent on the valuation of the property capitalized at five per cent; that using that formula the valuation of property leased for $6,000 per year would be $120,000, and the commission $6,000; and that when he presented the proposed lease from Lambert-St. Louis Enterprises, Inc., to the defendants he informed them of this. While the foregoing evidence did not show a formal acceptance by defendants it is apparent therefrom that defendants were aware that plaintiff expected them to pay him a commission of five per cent of the value of the property capitalized at five per cent and that they permitted him to expend time and money in endeavoring to find a lessee; that when the proposed lease from Lambert-St. Louis Enterprises, Inc., was presented to them, they were informed of the exact amount of

commission plaintiff was charging, as well as the basis of the charge; and that they did not demur or refuse to pay the same, but received the document from plaintiff for the purpose of considering whether they would accept and sign it. Except where a particular mode of acceptance is prescribed by the offer, an acceptance may be manifested, " * * * wholly or partly by written or spoken words or by other acts or conduct." Restatement of the Law of Contracts, Vol. I, Sec. 21; 17 C.J.S. Contracts § 41a; Allen v. Chouteau, 102 Mo. 309, 14 S.W. 869; Botkin v. McIntyre, 81 Mo. 557. The evidence was sufficient to submit the issue of defendants' acceptance to the jury and the court therefore did not err in overruling defendants' motion for a directed verdict.

But for a number of reasons the judgment cannot be allowed to stand. The document executed by Lambert-St. Louis Enterprises, Inc., was not produced by plaintiff, and no satisfactory explanation as to its whereabouts or the reason for its non-production was offered. In its place plaintiff sought to introduce what plaintiff and Clyde Mosley testified was a "copy." Whether it was a "copy" as distinguished from a "duplicate" (see Schroer v. Schroer, Mo., 248 S.W.2d 617; Adler v. Ewing, Mo. App., 347 S.W.2d 396) was not developed, and the court (we think correctly) excluded it. However, the court did permit, over the timely and proper objection of defendants, oral testimony regarding the terms of the proposed contract. In so doing the court erred, for the signed document was the best evidence as to what it contained, and no foundation had been established for the use of secondary evidence. Padgett v. Brezner, Mo.App., 359 S.W.2d 416.

Furthermore, while there was nothing to indicate that the Mosleys had agreed to be personally bound by the proposed lease, the court permitted the plaintiff to introduce, over defendants' objections, evidence as to their wealth. Of course, plaintiff had the burden of proving

that Lambert-St. Louis Enterprises, Inc., was a ready, willing and able lessee. For in order to recover his commission a real estate broker must show that he produced a buyer ready, willing and able to buy on the terms set by the owner or those satisfactory to him. Tant v. Gee, 348 Mo. 633, 154 S.W.2d 745; Morgan v. Keller, 194 Mo. 663, 92 S.W. 75; A. J. Meyer & Co. v. Schulte, Mo.App., 189 S.W.2d 183; Isaac T. Cook Co. v. Craddock-Terry Co., Mo. App., 109 S.W.2d 731. And the same rule applies to a broker employed to find a lessee. 12 C.J.S. Brokers § 85a, pp. 187, 191; Moseley-Comstock Realty Co. v. McClelland, Mo.App., 294 S.W. 103. Ordinarily the word "able," as used in connection with a purchaser or lessee, refers to his financial ability. 12 C.J.S. Brokers § 85 b, pp. 192, 193; Isaac T. Cook Co. v. Craddock-Terry Co., supra. While plaintiff's evidence indicated that the Mosleys were men of means, and the sole stockholders in Lambert-St. Louis Enterprises, Inc., such testimony was neither competent or material to prove the financial condition of the company or its ability to fulfill the obligations imposed upon it by the proposed lease, and should not have been admitted.

Lastly, the verdict-directing instruction submitted by plaintiff is vulnerable, in part, to the attacks leveled at it by defendants. For example, plaintiff pleaded that he was employed to procure a lessee who would enter into a lease on certain terms and conditions specified by defendants, including a provision that the lessee would accept the property subject to an existing lease on a portion of the real estate. Plaintiff's evidence showed the existence of such a prior lease but his instruction failed to require the jury to find either that plaintiff's employment contract contained such a provision regarding the prior lease, or that the prospective lessee had agreed to accept the property subject to the existing lease.

For these reasons the judgment should be reversed and the cause remanded for a new trial. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the cause remanded for a new trial.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.