J. Raymond BRUMMET, d/b/a Capital Realty Company, Plaintiff-Respondent,

v.

Robert LIVINGSTON, Defendant-Appellant.

No. 24042.

Kansas City Court of Appeals. Missouri.

Oct. 5, 1964.

Application to Transfer Denied Feb. 8, 1965.

William A. Seibel, Jefferson City, for appellant.

David Brydon, Graham & Hawkins, Jefferson City, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for recovery of Commission alleged to be due him by reason of the sale of a parcel of real estate in Jefferson City. A summary judgment was rendered for plaintiff, in the sum of $847.50. Defendant appeals.

Plaintiff's petition is in quantum meruit. He alleged that he is a licensed real estate broker; that, sometime prior to April 12, 1958, defendant was the owner of a parcel of real estate located at 418 Castle Drive, Jefferson City, which he wished to sell; that defendant authorized . plaintiff to find a buyer for it; that plaintiff, on April 12, 1958, produced a buyer for the property; that such buyer was ready, able and willing to buy; that defendant entered into a written contract with said buyer, agreeing to sell the property to him on terms mutually agreed upon; that a copy of that contract is attached to the petition and made a part thereof; that, upon signing of the contract, plaintiff was entitled to a reasonable fee for his services; that a reasonable fee was 5% of the sale price agreed upon ($16,950.00) or the sum of $847.50.

Defendant filed an answer in the nature of a general denied. Defendant submitted interrogatories to plaintiff which were answered as ordered by the Court. Plaintiff requested certain admissions, which were made by defendant. Prior to trial, plaintiff submitted affidavits in support of his mo-

tion for summary judgment, under the provisions of Civil Rule 74.04(a), V.A.M.R. The motion for summary judgment was sustained and judgment for plaintiff was entered. Defendant submitted no proof.

■■ It is the law that a summary judgment may be entered only when the party seeking it shows, by unassailable proof, that he is entitled to judgment as a matter of law. The proof submitted should leave no room for controversy and should show, affirmatively, that the other party would not be entitled to recover under any discernible circumstances. Brown v. Prudential Insurance Co., Mo.App., 375 S.W.2d 623, 628. A summary judgment may be entered after the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Brown v. Prudential Insurance Co., supra, 375 S.W.2d 628, 629.

The proof submitted for plaintiff was to the effect that plaintiff was a duly licensed real estate broker, engaged in that business in Jefferson City; that, on March 4, 1958, defendant appointed plaintiff as his exclusive agent to sell the real estate here involved, and in the written memorandum thereof provided: "if this property is sold during the time this agreement is in force by anyone, or if sold to anyone to whom said property was submitted by Capital Realty Co., within three months of the termination date thereof; then, in that event, the undersigned shall pay Capital Realty Co., five percent of the sales price as their commission due"; that plaintiff showed the property to Mr. Hayes and, on April 12, 1958, within three months of the termination date of the above written authority of plaintiff as exclusive agent, defendant and Hayes entered into a written contract for the sale of the property to Hayes on terms mutually agreeable, for $16,950.00, providing for delivery of deed, possession, and closing on May 30, 1958; and that the sale contract provided: "Commission payable

when contract is signed to Capital Realty Co."

The proof also showed that, less than one week after the contract was signed, Mr. Hayes observed a Mr. and Mrs. Jaeger moving into the property, and that defendant delivered to the Jaegers a warranty deed to the property on May 6, 1958.

Defendant filed a general denial with no affirmative pleading. He admitted his signature to the written instruments whereby he gave exclusive authority to plaintiff to sell the property and to pay him a commission of 5% on the sales price, and to the contract of sale of the property to Hayes, as above mentioned. He relied on his answer and filed no counter affidavits or other proof prior to rendition of the summary judgment, as he might have done under the provisions of rule 74.04(c). After rendition of the judgment, defendant filed motion to set aside the judgment and asked for a jury trial or, in the alternative he asked for a new trial. He also filed supporting affidavits. The motion was over-ruled and defendant appealed.

■ Defendant, in his brief, set out "points" in support of his claim that rendition of the judgment was erroneous. One such point is to the effect that, while plaintiff declared on *quantum meruit*, the evidence, if it supports anything, supports a claim based on contract. Plaintiff sued on *quantum meruit* but he introduced into evidence his contract of employment to sell the property, as proof of the value of his services. This was proper. Stewart v. Droste, Mo.App., 294 S.W.2d 600, 603; Fuldner v. Isaac T. Cook Co., Mo.App., 127 S.W.2d 726, 731.

The remainder of the brief is based generally on the theory that plaintiff, in order to recover, was required to establish by unassailable proof that Hayes was financially "able" to buy the property according to the terms stated in the contract of sale executed by Hayes and defendant. He contends that, when the Court sustained the

motion and entered judgment, there was an issuable fact that should have been tried to a jury, to-wit: the financial ability of Hayes to secure a loan and pay for the property. His position is that plaintiff was required to prove this fact by unassailable proof.

In Sargent v. Wekenman, Mo.App., 374 S.W.2d 635, 639, it was held that, in order to recover his commission, a real estate broker must show that he produced a buyer who was ready, willing, and *able* to buy on the terms set out by the owner or those satisfactory to him; and that, ordinarily, the word "able", as used in connection with a real estate purchaser, refers to his financial ability. In that case, however, the defendant vendor refused to accept the purchaser produced, and refused to execute a contract of sale, for the expressed reason that it did not believe that the proposed purchaser was financially able to carry out the terms and conditions of the lease.

In Isaac T. Cook v. Craddock-Terry Co., Mo.App., 109 S.W.2d 731, the Court stated that the above is, ordinarily, the rule. But the Court held that, where the vendor makes a valid and binding agreement for the sale of land, with the customer produced by the agent, absent any specific provision contrary thereto, the principal thereby accepts the customer as being ready, willing and *able* to buy the land and to pay for it; and that the agent's commission is then due, although it may afterwards turn out that the customer was not financially able to buy. In such cases it is not necessary that the broker prove that the purchaser was ready, willing, and able to buy. The Court further said that a principal may if the circumstances warrant, impugn the *good faith* of his agent, and plead *fraud* on his part in the procurement of the contract. This Court has declared the above rule to be well settled law. Chamberlain v. Amick, Mo.App., 210 S.W. 2d 528, 530. Fraud is an affirmative defense, and must be pleaded and proved.

Weitzman v. Weitzman, Mo., 156 S.W.2d 906, 908–909. No such defense was pleaded, and no evidence was offered by defendant prior to the rendition of the judgment.

The Court did not err in rendering summary judgment as there was no genuine issue as to any material fact, and plaintiff was entitled to recover as a matter of law. The judgment was rendered upon unrebutted and unassailable proof of all material issues required to be proved by plaintiff. Brown v. Prudential Insurance Company of America, supra.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.