John Edward **ELLIS**, Plaintiff-Appellant,

v.

**J. A. TOBIN CONSTRUCTION COMPANY,**
Defendant-Respondent.

No. 54462.

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

Motion for Rehearing or to Transfer to Court
En Banc Denied July 13, 1970.

Walter A. Raymond, and Raymond, West & Mason, Kansas City, for appellant.

Gene C. Morris, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for respondent.

WELBORN, Commissioner.

J. A. Tobin Construction Company was the general contractor on a State Highway Commission highway construction project in Jackson County. Tobin sublet some of the asphalt work to Bowen Construction Company. Bowen engaged W & W Trucking Company to haul asphalt from its plant to the job. A W & W truck so engaged struck plaintiff-appellant, John Edward Ellis, while Ellis, an employee of Bowen, was working on the project as an asphalt raker. Ellis received Workmen's Compensation from Bowen. He sued W & W and its driver for $150,000. When he found that W & W's insurance coverage was limited to $25,000, he accepted that amount and gave W & W and its driver a covenant not to sue, reserving his rights against any other party.

Ellis then brought this action against Tobin on the theory that Tobin, under its contract with the State Highway Commission, had the duty to see that its subcontractors had $50,000 liability insurance which would have been available to him and that, since Tobin failed either to require such coverage to be obtained by W & W or to furnish such coverage, Tobin had breached a contractual obligation intended for plaintiff's benefit and was liable to plaintiff for the difference between the $25,000 coverage W & W had and the $50,000 coverage it should have had. The trial court sustained Tobin's motion for summary judgment. This appeal followed.

The motion for summary judgment was premised on the theory that there were no questions of fact to be resolved and that the pleadings and other documents showed as a matter of law that plaintiff was a statutory employee of Tobin, and that plaintiff's sole and exclusive remedy was under the Workmen's Compensation Act, Chapter 287, RSMo 1959, V.A.M.S.

Defendant's answer set up the defense of statutory employee. Plaintiff filed a reply in which he admitted that he was a statutory employee of Tobin. He now

wishes to avoid this admission as "error of counsel."

With or without such admission, the uncontroverted facts are that Ellis was injured while working at the site of the improvement for which Tobin had contracted with the State Highway Commission. The status of Bowen as a subcontractor is not controverted. These uncontroverted facts make Tobin the statutory employer of appellant. § 287.040, subd. 1, RSMo 1959, V.A.M.S. Sargent v. Clements et al., 337 Mo. 1127, 88 S.W.2d 174, 177–178 [5, 6]. The fact that the accident occurred at the construction site distinguishes the situation from that involved in Rutherford v. Tobin Quarries, 336 Mo. 1171, 82 S.W.2d 918, and State ex rel. Potashnick v. Fulbright, 350 Mo. 858, 169 S.W.2d 59, cited and relied upon by appellant.

As such statutory employer, Tobin was not a third party against whom a cause of action for plaintiff's injuries would lie under § 287.150, RSMo 1959, V.A.M.S. Bunner v. Patti et al., 343 Mo. 274, 121 S.W.2d 153; Thompson v. Kroeger, Mo.Sup., 380 S.W.2d 339, 342–343 [1]. The question is whether or not such immunity extends to a cause of action based upon contract, rather than tort.

Tobin's contract with the State Highway Commission required Tobin to carry Employer's Liability or Workmen's Compensation Insurance or to qualify as a self-insurer. Tobin was also required to carry Contractors' Bodily Injury Liability and Property Damage Liability Insurance with a limit of not less than $50,000 for injuries to one person. This policy was required to "cover liability of the contractor for damage because of bodily injury to or death of persons and injury to or destruction of property which may be suffered by persons other than his own employees as a result of negligence of the contractor * * *." This provision, in the Standard Specifications of the Highway Commission, was followed by this provision:

"4.7.2.2. If any part of the work is sublet, similar insurance shall be provided by or in behalf of the subcontractors to cover their operations."

Appellant urges that this provision imposed upon Tobin a nondelegable, nontransferable duty to see that all trucks operating on the project were covered by Contractors' Bodily Injury Liability Insurance with a limit of not less than $50,000 for injuries to one person, and that this default renders Tobin liable in this action.

Even accepting appellant's view of the nature of the obligation imposed upon Tobin, we conclude that, in view of the relationship between plaintiff and Tobin, § 287.120, RSMo 1959, V.A.M.S., provides Tobin with immunity to this suit.

In Sheets v. Hill Brothers Distributors, Inc., Mo.Sup., 379 S.W.2d 514, 516 [1, 2], the court stated:

"It is admitted, and plaintiff's evidence affirmatively established, that plaintiff and her employer were subject to the Missouri Workmen's Compensation Law. In such event the rights and remedies provided therein exclude all rights and remedies of plaintiff against defendant that she might have had at common law. Section 287.120 (2) RSMo 1959, V.A.M.S. As stated in Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, 875, 'The compensation act, * * * is not supplemental or declaratory of any existing rule, right or remedy, but creates an entirely new right or remedy and where the employer and employee have elected to accept the provisions of the act [or are subject thereto by operation of law] such new right or remedy is wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise.' See also Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153; Montgomery v. Mine La Motte Corporation, Mo., 304 S.W.2d 885, 888; McDaniel v. Kerr, 364 Mo. 1, 258 S.W.2d 629. Therefore, when on January 2, 1958, plaintiff sustained an injury arising out of and in the course of her employment, all remedies, claims or

rights accruing to her and against her employer for compensation or damages arising by reason of such injury were those provided for in the Workmen's Compensation Law to the exclusion of any common law or contractual right."

An authoritative text states the rule here applicable as follows:

"Finally it may be noted that, once a statutory employer's immunity is established, the employee cannot penetrate it by invoking a contractual obligation of care or indemnity assumed by the contractor in a contract to which the employee was not a party." 2 Larson's Workmen's Compensation Law, § 72.31, p. 200.

See Roney v. Paul Tishman Company, 200 F.Supp. 75 (D.C.), 303 F.2d 777 (3rd Cir.); Steets v. Sovereign Construction Co., 413 .Pa. 458, 198 A.2d 590.

Regardless of how appellant would characterize his cause of action, what he seeks from Tobin is, fundamentally, damages for the injury which he suffered while covered by workmen's compensation and while in a relationship of statutory employee to Tobin. The Workmen's Compensation Act precludes this action. Sheets v. Hill Brothers Distributors, Inc., supra.

We have considered the numerous cases cited by appellant in support of his contention that the remedy provided by the Workmen's Compensation Act does not preclude this action. His principal reliance is upon cases involving the right of indemnity between an employer and a party contracting with the employer. McDonnell Aircraft Corporation v. Hartman-Hanks-Walsh Painting Company, Mo.Sup., 323 S.W.2d 788, is such a case. In that case, the court held "that workmen's compensation acts were [not] intended to affect the rights of third parties outside the employer-employee relationship." 323 S.W.2d 796. Here the parties were in a statutory employer-statutory employee relationship. That fact distinguishes this case from McDonnell and also cases such as Koninklyke Nederlandsche, etc. v. Strachan Shipping Co., 304 F.2d 545 (5th Cir.); Titan Steel Corporation v. Walton, 365 F.2d 542, 549 [10] (10th Cir.); Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, and Northern Natural Gas Company v. Roth Packing Co., 323 F.2d 922, 930 [11, 12] (8 Cir.).

The case of James Stewart & Co. v. Law, 149 Tex. 392, 233 S.W.2d 558, relied upon by appellant, did involve a cause of action based upon a contractor's failure to require his subcontractors to obtain insurance, as required by the contract with the owner. However, the question of effect of the Workmen's Compensation Act was not involved. Nor was the Workmen's Compensation Act involved in Johnson et al. v. Holmes Tuttle Lincoln-Mercury, Inc., 160 Cal.App.2d 290, 325 P.2d 193, where the court found that an auto dealer's agreement to obtain liability insurance for an auto purchaser was a contract upon which a person injured by the uninsured driver might sue as a third party beneficiary.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J., and JOURNEY, Special J., concur; BARDGETT, J., not participating because not a member of the Court when case was submitted.