**Mrs. Ruby BROWN,**
**Plaintiff-Appellant-Respondent,**

v.

**GAMBLE CONSTRUCTION CO., INC.,**
**Defendant-Appellant,**

**Target Stores, Inc., and Larson &**
**McLaren, Inc., et al.,**
**Defendants-Respondents.**

Nos. 36939 and 36940.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 25, 1976.

Hugh E. Gibbons, George A. Adolf, Joseph H. Mueller, St. Louis, for defendant-appellant.

Klamen, Summers & Compton, Robert F. Summers, St. Louis, for plaintiff-appellant-respondent.

WEIER, Presiding Judge.

These consolidated appeals arise out of a civil action for money damages for wrongful death. At the close of plaintiff's case, the trial court sustained the joint motion of defendants Target Stores, Inc., Larson & McLaren, Inc., A. J. Nelson and George Root for a directed verdict. The jury returned a verdict in favor of plaintiff, decedent's widow, for $50,000.00 against Gamble Construction Company, Inc.

Defendant Gamble appeals from the judgment contending that its motion for directed verdict at the close of the evidence should have been sustained. Plaintiff also appeals alleging error in the trial court's ruling sustaining the joint motion for a directed verdict. Plaintiff's motion for a new trial, however, refers only to defendant Larson & McLaren, Inc., architects. The remaining defendants, Target Stores, Inc., A. J. Nelson and George Root are not mentioned. Accordingly, plaintiff has preserved nothing for appellate review as to these defendants. Rule 78.07; *McMahon v. Charles Schulze, Inc.*, 483 S.W.2d 666, 667[2] (Mo.App.1972). Only the court's ruling sustaining the motion for a directed verdict as to the architects will be considered on plaintiff's appeal.

■ We review the action of the trial court upon the premise that a verdict should not be directed "unless all reasonable men, in the honest exercise of a fair, impartial judgment,would draw the same conclusion from the facts which condition the issue; * * * where there is uncertainty arising from a conflict in the testimony or because, the facts being undisputed, fair-minded men would honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury; * * *." *Sippel v. Custom Craft Tile, Inc.,* 480 S.W.2d 87, 89[1] (Mo.App. 1972).

The facts that "condition the issue" in this case are as follows. Plaintiff's decedent, a roofer of some thirty years' experience, was applying glue to the roof of a Target store under construction in Ballwin, Missouri, when he fell through a hole in the roof and was fatally injured. Such holes, commonly found in uncompleted roofs, are left to permit installation of heating ducts and air-conditioning units after insulation of the roof is complete. They do not constitute defects in plans or specifications. Thus, there is no factual basis to determine the architect failed to use care in the preparation of plans and specifications for the construction of the building.

■ There is no contention or evidence that the plans were not complied with or were, per se, unsafe. What plaintiff does contend in essence is that the architects have a duty as "design professionals" to supervise the construction and insure that safety precautions are taken to protect workers. But architects are under no duty to supervise construction unless they expressly agree to do so. *Aetna Insurance Co. v. Hellmuth, Obata & Kassabaum, Inc.,* 392 F.2d 472, 476[3–5] (8th Cir. 1968); *Westerhold v. Carroll,* 419 S.W.2d 73, 80–81 (Mo. 1967); *Miller v. DeWitt,* 59 Ill.App.2d 38, 208 N.E.2d 249, 284–85[23] (1965), affirmed in relevant part, 37 Ill.2d 273, 226 N.E.2d 630 (1967). A determination in this case as to who was responsible for general supervision of the project and, specifically, for establishing safety measures to protect persons and property involved is not difficult. By contract, Gamble expressly assumed responsibility for safety precautions during the construction of the store. Article 10 of the contract, "Protection of Persons and Property", states that "The Contractor shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the Work." Article 2.2.4 provided: "The Architect will not be responsible for construction means, methods, techniques, sequences of procedures, or for safety precautions and programs in connection with the Work, * *." In a letter of mutual agreement between Gamble and the subcontractor, Southside Roofing Company, Gamble promises to "plan, schedule *and supervise* all work with regard to your individual as well as total job requirements." (Emphasis added.) Gamble's responsibility for project supervision and safety precautions appears quite clear. The architect was relieved of any such duty.

The evidence squarely placed the duty to take safety precautions upon defendant Gamble, not upon the architect. There was no conflict in the testimony creating uncertainty. The decision of the trial court sustaining the motion for a directed verdict as to Larson & McLaren, Inc. is affirmed.

Defendant Gamble contends on appeal that it was the statutory employer of plaintiff's decedent under § 287.040(4), RSMo 1969, and that plaintiff is therefore precluded from bringing a common law action against it.

The relevant facts are not in dispute. Plaintiff's decedent was fatally injured on April 23, 1971 when he fell through a hole in the roof of a partially constructed Target store where he was employed as a roofer. It was stipulated that defendant Gamble was the general contractor and that Southside Roofing Company, decedent's employer, was Gamble's subcontractor. It was further stipulated that Southside Roofing Company was a Missouri corporation operating under this state's Workmen's Compensation Law, that the company had Workmen's Compensation coverage while

decedent was employed on this job, that decedent was covered under that plan, and that plaintiff as his widow had received benefits from Southside's insuror. The testimony of Gamble's president established that Gamble was operating under the provisions of the Missouri Workmen's Compensation Act at the time of the accident. The installation of the roofing insulation and membrane was done under Gamble's contract with the owner, Gamble subcontracting that portion of the work to Southside Roofing Company. Decedent was fatally injured while installing the roof's insulation.

Suit was filed against Gamble and the other defendants on the theory of common law negligence. At the close of plaintiff's case and again at the close of all the evidence Gamble moved for a directed verdict contending, *inter alia,* that its status as decedent's statutory employer made it immune from a common law negligence suit when benefits had been paid by decedent's immediate employer. The trial court denied defendant's motions, ruling specifically that decedent was not a statutory employee of Gamble.

■ In response to appellant Gamble's contention of immunity from suit through its status as statutory employer, respondent Brown merely asserts that, for various reasons, the point has not been preserved for appellate review. She contends that Gamble failed to offer the trial court any case law or specific statutory sections for consideration in ruling on its motions and failed to state specific grounds for its two motions for a directed verdict as required by Rule 72.01. Respondent cites *Oganaso v. Mellow,* 356 Mo. 228, 201 S.W.2d 365, 366[2–4] (1947) which holds that a motion for a directed verdict is insufficient if movant does not make known his grounds therefor either in the motion or orally into the record of the court. *See also* Rule 72.01(a); *Sargent v. Wekenman,* 374 S.W.2d 635, 637[1, 2] (Mo. App.1964). The motion in *Oganaso* read as follows: " 'Now at the close of the whole case defendants ask the Court to direct a verdict in favor of defendants.' " Gamble's

motion at the close of plaintiff's case was considerably more specific stating that "plaintiff is not entitled to recover herein against this defendant in that Defendant Gamble Construction Co. was the general contractor and the deceased, husband of the plaintiff, was an employee of a subcontractor, Southside Roofing Company, and that the plaintiff collected Missouri Workmen's Compensation from the subcontractor and is a statutory employee of this defendant and is not entitled to recover; \* \* \*." Counsel added orally that all concerned had been operating under the Act. He had previously referred the court to the case of *Ellis v. J. A. Tobin Construction Company,* 455 S.W.2d 510 (Mo.1970). In its ruling on defendant's motion the trial court specifically stated that it had reviewed the Workmen's Compensation Act and had found that decedent was not a statutory employee of Gamble. The ruling reveals that the court was fully aware of the nature of Gamble's proposed defense. It cannot be said that defendant is seeking to present a ground on appeal that was not passed upon by the trial court. The cases of *Oganaso v. Mellow, supra,* and *Sargent v. Wekenman, supra,* cited by respondent, are therefore not on point.

■ It was stipulated that Gamble was the general contractor for the construction of the Target store. Southside Roofing was the subcontractor and employer of plaintiff's decedent, Brown. Brown was fatally injured while working at the construction site. All parties were operating under the Missouri Workmen's Compensation Act. Section 287.040(4) of the Act provides in relevant part that the "immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. \* \* \* The liability of the immediate employer shall be primary, and that of the others secondary in their order, \* \* \* No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer." This section protects each contractor and subcontractor on a project as to claims of all employees imme-

diately or remotely under him. *Ellis v. J. A. Tobin Construction Company, supra,* 455 S.W.2d at 511.

Respondent advances the theory incorrectly that the question whether an employee is barred from bringing a negligence action by his status as a statutory employee is a jury question, and that here the issue should have been submitted to the jury. Respondent's difficulty arises from a misinterpretation of *Walton v. United States Steel Corporation,* 362 S.W.2d 617 (Mo.1962). To establish the status of statutory employee the evidence must show, among other things, that the injury occurred while the employee was engaged in work in the usual course of the employer's business. *Raef v. Stock-Hartis, Inc.,* 416 S.W.2d 201, 207[13] (Mo.App.1967). In *Walton* the evidence established that the only work plaintiff did on defendant's premises was to drive a truck to a loading point, supervise the loading, and drive away, and that almost all of plaintiff's work was away from defendant's premises. Thus, it was not clear that all reasonable minds would conclude that plaintiff's work was an operation of the usual business which defendant carried on upon its premises, and a question of fact arose which it was proper for the jury to resolve. *Walton v. United States Steel Corporation, supra* at 622[4]. While each case must be determined upon its particular facts, *Viselli v. Missouri Theatre Bldg. Corp.,* 234 S.W.2d 563, 565[1] (Mo. 1950), when the facts are undisputed and no doubt exists, the court may declare the issue as a matter of law. *McKay v. Delico Meat Products Co.,* 351 Mo. 876, 174 S.W.2d 149, 157[9] (1943). It is not the rule that the question whether one is a statutory employer or employee is always to be resolved by the jury. If the evidence shows, as a matter of law, that plaintiff was a statutory employee of the defendant, the trial court should direct a verdict for defendant, for then plaintiff's exclusive remedy is under the Workmen's Compensation Act. When the Act is applicable it supersedes any right plaintiff might otherwise have had to maintain a common law action.

*Sippel v. Custom Craft Tile, Inc., supra,* 480 S.W.2d 87, 89[1] (Mo.App.1972).

Given the facts of this case, no other conclusion is possible but that the deceased workman was the statutory employee of defendant Gamble. The trial court should therefore have sustained Gamble's motion for a directed verdict. The trial court correctly concluded that the issue whether defendant Gamble was a statutory employer could be decided as a matter of law, but incorrectly concluded that it was not. For that reason defendant Gamble's motion to vacate judgment and to enter judgment in accordance with its motion for a directed verdict should have been granted.

The court's judgment sustaining the motion of Larson & McLaren, Inc. for directed verdict at the close of plaintiff's case is affirmed. The judgment in favor of plaintiff and against Gamble Construction Company, Inc. is reversed.

McMILLIAN and RENDLEN, JJ., concur.