Gary O. CASE and Martha Case, Appellants,

v.

MIDWEST MECHANICAL CONTRACTORS, INC., et al., Respondents.

No. WD 48591.

Missouri Court of Appeals, Western District.

May 31, 1994.

Thomas R. Hill, Christopher T. Wilson, Hill & Beam–Ward, Kansas City, for appellants.

R. Frederick Walters, Walters Bender & Strohbehn, Kansas City, for respondent HNTB.

Michael A. Childs, Brown & James, Kansas City, for respondent Rosser Fabrap Intern., Inc.

Before TURNAGE, C.J., and FENNER and SPINDEN, JJ.

TURNAGE, Chief Judge.

Gary Case and his wife, Martha, filed suit seeking damages for injuries suffered by Gary while he was working on the construction of the Western Missouri Correctional Center. The only defendants remaining in the case are Howard Needles Tammen and Bergendoff, Inc. (HNTB) and Rosser Fabrap International, Inc. (RFI).[1] The trial court entered summary judgment in favor of HNTB and RFI. Case appeals contending that there was a genuine issue of fact which precluded the entry of summary judgment. Affirmed.

Gary Case was employed by Sachs Electric which was the electrical subcontractor on the project to build the Correctional Center. The general contractor was J.E. Dunn Construction. The State entered into a contract with HNTB to provide the design for the project. In short, HNTB was the architect. HNTB contracted with RFI to provide the design for portions of the mechanical and electrical systems.

While Case was working on the roof of the Correctional Center, he lost his balance and fell over the edge. Case received worker's compensation from Sachs. By this action Case sought to recover damages from HNTB and RFI for negligence in failing to provide a railing or barrier along the edge of the roof to prevent Case from falling off. HNTB and RFI filed motions for summary judgment on the ground that they had never agreed to supervise the construction of the Correctional Center or to be responsible for safety precautions on the project.

Case contends the court erroneously granted the motions for summary judgment because HNTB and RFI did agree to supervise construction and under the contract were responsible for safety precautions on the project.

In reviewing the grant of summary judgment, this court reviews the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–American Marine Supply Corp.*, 854 S.W.2d 371, 376[1] (Mo. banc 1993). Review by this court of the grant of summary judgment is essentially de

---

1. When the appeal was taken Midwest Mechanical Contractors, Inc., Cates Sheet Metal Industries, Inc. and the Missouri Department of Corrections and Human Resources were parties. After the appeal was filed in this court, Case dismissed as against those parties.

novo. *Id.* at 376[4]. A defending party who moves for summary judgment may prove that it is entitled to judgment by showing that the non-movant will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the essential elements of the non-movant's case. *Id.* at 381[16].

■ Here Case brought his action in negligence which means that he must establish a duty on the part of HNTB and RFI to protect Case from the injury which he suffered. *Burns v. Black & Veatch Architects, Inc.,* 854 S.W.2d 450, 452–53[1] (Mo.App. 1993). Duty is a matter of law which is properly determined by the court. *Id.* at 453[5–7].

In *Brown v. Gamble Constr. Co., Inc.,* 537 S.W.2d 685, 687[3, 4] (Mo.App.1976), the court held that "architects are under no duty to supervise construction unless they expressly agree to do so." The court further held that the architect must expressly assume responsibility for safety precautions to be taken during the construction of the project in order for the architect to be liable in negligence for the failure to provide adequate safety measures. *Id.*

The contract between the State and HNTB provided:

> The consultant (HNTB) shall review the safety programs of each of the general contractors and their trade contractors and make appropriate recommendations. In making such recommendations and carrying out such reviews, the consultant shall not be required to make exhaustive or continuous inspections to check safety precautions and programs in connection with the project. The performance of such services by the consultant shall not relieve the general contractors and trade contractors of their responsibilities for the safety of persons and property.

The contract between Dunn and the State specifically provided that Dunn was responsible for providing and maintaining guard rails. That contract further provided that Dunn could only remove safety devices with the approval of HNTB. In addition, the Dunn contract required Dunn to designate a re-

sponsible member of its organization who would be available at the job site and whose duty would be the prevention of accidents.

The contract between HNTB and the State clearly reveals that the general contractors and trade contractors were responsible for the safety of persons working on the project. Although HNTB agreed to review the safety programs of the general contractor and their trade contractors and make appropriate recommendations, the contract nevertheless placed the responsibility for the safety of those persons upon those contractors. HNTB never agreed to supervise the construction of the Correctional Center and never expressly agreed to assume responsibility for safety precautions to be taken during construction. It is a far cry from being responsible to review the safety programs of others to specifically assuming responsibility for safety precautions to be taken. The fact that HNTB agreed to review safety programs and make recommendations demonstrates that HNTB did not have the express responsibility to provide safety precautions, but only agreed to review the actions of others. Consequently, Case cannot show that HNTB agreed to assume responsibility for safety precautions to be taken on the project.

Case contends that HNTB was the construction manager of the project and agreed to supervise all aspects of the construction. However, Case cannot point to a specific contract provision which names HNTB as the construction manager. Rather, the contract refers to HNTB as the consultant with the responsibilities referred to above to review the safety programs of contractors on the project and to make recommendations relevant thereto. As pointed out above, the contract provided that the performance by HNTB of its duties did not relieve the general contractors and trade contractors from their responsibilities for the safety of persons employed on the project.

Case cannot show that HNTB agreed to supervise the construction and be responsible for safety precautions to be taken on the construction project. For that reason HNTB has demonstrated that Case is unable to prove the essential element of duty in his

negligence claim against HNTB. In that situation the grant of summary judgment in favor of HNTB was proper.

■ Case also contends that the court should not have entered summary judgment in favor of RFI. The contract between RFI and HNTB provided that RFI was not responsible for:

> construction means, methods, techniques, sequences or procedures, for safety precautions and programs in connection with the work, for the acts or omissions of the contractor, subcontractors or any other persons performing any of the work, or for the failure of any of them to carry out the work in accordance with the contract documents.

Under *Brown,* Case was required to show that RFI had a duty to provide safety precautions to protect Case while he was employed on the project. The agreement by which RFI was employed specifically states that RFI was not responsible for safety precautions. Because Case cannot prove the essential element of duty in his negligence action against RFI, the court correctly entered summary judgment in favor of RFI.

The judgment is affirmed.

All concur.