**Clifford F. GREEN, Plaintiff-Respondent,**

v.

**CRUNDEN MARTIN MANUFACTURING COMPANY, Defendant-Appellant.**

No. 39433.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 27, 1978.

Robert C. Ely, Ely & Wieland, St. Louis, for defendant-appellant.

James F. Koester, David L. Baylard, St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Appellant, Crunden-Martin Manufacturing Company, appeals from a judgment favorable to Respondent, Clifford Green, in which the latter was awarded $50,000 in damages.

This civil action stemmed from Green's injury on appellant's premises. Clifford

Green was a professional truck driver, employed by the Hamill Transfer Company. Hamill had orally contracted to supply Crunden Martin with truck drivers. On the day Green was assigned to work for the appellant, a steel door fell on his head and shoulders while he was assisting in the loading of his truck. Green brought this suit to recover for damages to his head, neck, brain, spine, right arm, right eye and hearing, allegedly suffered as a result of appellant's negligence.

The first issue raised in this appeal by Crunden Martin is that the trial court erred in overruling its motion for judgment at the close of all the evidence, for the reason that at the time of the accident, Green was a statutory employee of appellant. If Green is determined to be a statutory employee within the provisions of RSMo § 287.040, this common law action could not be maintained against Crunden Martin, for his exclusive remedy would be under the Workmen's Compensation Act. *Walton v. United States Steel Corporation,* 362 S.W.2d 617 (Mo.1962).

■ Our review of whether the trial court erred in overruling appellant's motion for a directed verdict consists of construing all evidence and inferences therefrom in the plaintiff's favor, and determining whether a submissible case has been made. *Young v. Mercantile Trust Company National Association,* 552 S.W.2d 247 (Mo.App.1977).

■ Categorization as a statutory employee is contingent on the coexistence of the following factors: 1) the work being performed is pursuant to contract, 2) the injury or death was inflicted on or about the premises of the alleged statutory employer, 3) the work performed by the alleged statutory employee must be that which is in the operation of the usual business of the alleged statutory employer. § 287.040, RSMo. All three factors must be present before an employee is held to be a statutory employee. *Ferguson v. Air-Hydraulics Company,* 492 S.W.2d 130, 135[5] (Mo.App.1973).

■ As appellant has interposed the affirmative defense that Green was a statutory employee, appellant has the burden of pleading and proving this issue. *Miller v. Municipal Theatre Association of St. Louis,* 540 S.W.2d 899 (Mo.App.1976).

■ Among the factors to be taken into consideration in a determination of whether a worker is a statutory employee within the language of § 287.040, RSMo are: the right of the employer to control the employee, the right of the employer to replace one employee with another, and whether the work performed for the employer is merely incidental, rather than in actual furtherance of the usual course of his business. *Ferguson v. Air-Hydraulics Company,* Supra.

In order to resolve this issue within the framework of our standard of review, it is necessary to consider the phases of the Crunden Martin operation. The testimony adduced at trial from appellant's traffic manager, revealed that the company is engaged in manufacturing and distributing. Appellant does not own any trucks, but leases trucks for its driver employees to operate interstate.

The oral agreement which existed between Crunden Martin and the T. J. Hamill Transfer Company provided that the latter would select and supply the appellant with a truck driver every day. Hamill drivers would furnish their own trucks. Once assigned to the job, the driver's activities were controlled by Crunden Martin. If a breach of duty occurred during the driver's assignment to Crunden Martin, the latter could request that the driver not be reassigned to its operation again. Hamill Transfer, rather than Crunden Martin, had the right to fire a driver. Hamill paid the drivers who were assigned daily to Crunden Martin, withheld federal taxes, paid unemployment insurance and social security payments.

As phrased in appellant's brief, the focal point of our inquiry is whether Green's activity, loading and/or trucking, was within the usual course, or ancillary to, appellant's business. *Walton v. United States Steel*

*Corporation,* Supra, cited by the respondent, is persuasive on this issue. The plaintiff therein, a truck driver, was assigned by his employer to make deliveries for the defendant. As in the case at bar, the plaintiff was injured on defendant's premises, during the loading stage. In reaching the issue of whether the plaintiff was involved in the usual course of defendant's business, the Court in *Walton* stated: "the mere fact that delivery of defendant's products by someone else was essential to its operation does not mean that such delivery service must be considered in the operation of defendant's usual course of business." 362 S.W.2d 617, at 624.

Like the defendant in *Walton,* the appellant did not prove that the activity performed by Green was in the usual course of its business.

 Our review of the transcript and briefs reveals that the only provision of § 287.040 which is satisfied by the present set of facts is that which requires the alleged statutory employee's injury to be sustained on the employer's premises. § 287.-040(2). This alone is not sufficient to confer the status of statutory employee on the plaintiff. The statute's applicability is rendered more remote by the fact that the contract which existed between the parties was not of the type contemplated by § 287.040. To be within the statute, the contract must contain a delegation of the usual course of the employer's business to another. (*See, Crain v. Webster Electric Cooperative,* 568 S.W.2d 781 (Mo.App.1978). There is no evidence here which indicates that the work performed by the plaintiff at the time he was injured, was within the usual course of Crunden-Martin's business.

Accordingly, the first point is ruled against the appellant.

 In the second point relied on, appellant alleges that the trial court erred in overruling its motion for a mistrial because respondent's evidence concerning medical expenses was unrelated to the injury he sustained.

At the trial, evidence of medical expenses incurred by Green following his injury, was introduced over appellant's objection. The evidence was admitted subject to the court's directive that the medical expenses would be connected to the injury as the trial progressed. The respondent's failure to catenate two hospital bills, loss of wages while in the hospital, and bills of four treating physicians, resulted in the trial court's utilization of the MAI withdrawal instruction, 34.02.

Appellant contends that the withdrawal instruction did not cure the prejudice which allegedly resulted from respondent's introduction of medical expenses.

At the outset, it must be noted that it is presumed that the jury followed the trial court's direction to exclude improperly admitted evidence from its consideration and weighed the legal evidence only, unless circumstances indicate otherwise. *Barlow v. Thornhill,* 537 S.W.2d 412 (Mo.1976).

The withdrawal instruction given by the trial court clearly enumerated the list of medical expenses the jury was to disregard. In addition, the evidence properly includable in the jury's deliberation was clearly outlined in the remainder of the instructions. In closing argument, respondent confined his remarks regarding damages to evidence which had been properly admitted, and on rebuttal, reiterated that certain of the medical expenses evidence was to be disregarded by the jury. Appellant in closing argument, repeatedly referred to the court's instruction that the jury not consider certain evidence.

Appellant has not overcome the presumption in favor of the jury's adhering to the court's instruction in this respect. The jury was directed to disregard approximately $7,000 of medical expenses introduced, and returned a verdict favorable to the respondent in the amount of $50,000, in contrast to the $100,000 prayed for in Green's petition.

As Crunden-Martin has not voiced the requisite exceptional circumstances which would overcome the presumption and warrant the drastic mistrial remedy, we rule this point against the appellant.

In the third point relied on, appellant urges that the verdict rendered was excessive. In the context of verdicts, the legal term of art, "excessive", has been interpreted as being that which is of such a magnitude that it shocks the conscience of the court. *State ex rel. State Highway Commission v. Thurman,* 552 S.W.2d 42 (Mo.App.1977).

Appellate review of an alleged excessive verdict is limited to a consideration of the evidence which supports the verdict, excluding that which disaffirms it. *Strake v. R. J. Reynolds Tobacco Company,* 539 S.W.2d 715 (Mo.App.1976).

The respondent presented expert medical testimony which indicated that Green had sustained permanent brain injury as a result of the accident. In addition, his post accident condition has been characterized by recurring dizzy spells, blurred vision, deficient hearing, and ruptured discs which require surgery.

In view of the nature and extent of Green's injuries and the resulting pain and suffering sustained, we cannot say that the verdict was excessive. Accordingly, we rule this point against the appellant.

Judgment affirmed.

CRIST, J., and ALDEN A. STOCKARD, Special Judge, concur.