James Leonard GUTHRIE, Appellant,

v.

RELIANCE CONSTRUCTION CO.,
INC., Respondent.

No. 42589.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
April 6, 1981.

Melvin D. Benitz, St. Charles, for appellant.

Ben Ely, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff appeals after the directed verdict granted in defendant's favor by the trial court at the close of plaintiff's case. Defendant cross-appeals from the trial court's denial of its motion for summary judgment prior to trial.

This case arises from an accident suffered by plaintiff during the construction of a nursing home. It is admitted by the parties that defendant Reliance Construction Company was the general contractor for this construction project. It is also admitted that at the time of the accident, K. C. Sheet

Metal was the direct employer of the plaintiff, and that K. C. was engaged in installing a metal roof deck as part of the construction of the nursing home. The parties, however, dispute the relation between defendant and K. C.; defendant argues that K. C. was defendant's subcontractor, while plaintiff contends that K. C. was an independent contractor.

Before trial, defendant moved for summary judgment, asserting that plaintiff was employed by a subcontractor of the defendant general contractor and that, therefore, defendant was insulated from common law liability by section 287.040, RSMo 1978.[1] The motion was overruled, and the case proceeded to trial.

At trial, plaintiff's evidence indicated that the accident happened in the following manner. Plaintiff was working on top of the building, helping install the metal roof deck. After cutting a hole in the deck, he looked around for something to cover this hole and saw a piece of plywood twenty-five or thirty feet away, lying on the deck. He estimated the board to be about four by eight feet in size, weighing thirty to forty pounds. Plaintiff walked over to the plywood board and attempted to lift it onto his shoulder. As plaintiff turned his body to pull the plywood up, he stepped forward into a hole in the deck which had been under the board. Plaintiff fell through the hole, estimated to be three by four feet in size, and landed on a concrete floor about fourteen feet below. He suffered severe injuries as a result of the fall.

Plaintiff testified that when he arrived for work on the project, a man "dressed like a boss" talked with him and told plaintiff what work he was to do. Plaintiff stated that some holes which had already been cut in the roof were pointed out to him, and that he was aware that holes were commonly left in an unfinished roof so that vents, ductwork and skylights could be installed. He testified, however, that the hole through which he later fell was never pointed out to him, that this hole was covered by a plywood board, and that he was not aware of the hole until the accident. He also testified that the custom of the trade was to place boards covering holes "square with the deck" (parallel to the ribs in the decking), or to secure the boards, or to mark the hole in some manner. He further testified that before the accident, the plywood board was not square with the deck, the board was not fastened down, and the hole was not marked.

■ Initially, we note that we cannot consider defendant's cross-appeal wherein it claims that the court erred in denying its motion for summary judgment since the trial court's denial of a motion for summary judgment is not an appealable order. *Hamiltonian Fed. Sav. & Loan Ass'n v. Reliance Ins. Co.*, 527 S.W.2d 440, 444 (Mo.App.1975).

Plaintiff's main point on appeal is that the trial court erred in granting defendant's motion for a directed verdict at the close of plaintiff's case. The motion asserted the following grounds for directing a verdict in favor of defendant: (1) that plaintiff had failed to make a submissible case against defendant on any pleaded theory of negligence; (2) that plaintiff was contributorily negligent as a matter of law; and (3) that plaintiff was a statutory employee of defendant and therefore barred from maintaining the action against defendant. We shall consider the validity of these grounds in order.

1. Section 287.040, RSMo 1978, establishes statutory employer-employee relationships for the purpose of imposing liability under the Missouri Workmen's Compensation Act, Ch. 287, RSMo 1978. This liability under the Act is imposed upon general contractors and intermediate subcontractors with reference to employees directly or remotely under them. It has been held, however, that since the employees have been granted this workmen's compensation remedy, they are barred from pursuing a common law action against the contractor or intermediate subcontractor. *Ellis v. J. A. Tobin Constr. Co.*, 455 S.W.2d 510 (Mo.1970). Defendant argues that plaintiff was an employee of one of defendant's intermediate subcontractors and, as such, barred from maintaining a common law action for negligence against defendant.

It is admitted that plaintiff received workmen's compensation benefits.

In deciding whether plaintiff made a submissible case, the evidence must be viewed in the light most favorable to plaintiff, giving him the benefit of all reasonable inferences and "accepting as true all facts not unreasonable or impossible . . ." *Taylor v. F. W. Woolworth Co.*, 592 S.W.2d 210, 211 (Mo.App.1979). In his petition, plaintiff had alleged that defendant was negligent in providing plaintiff with an unsafe place to work, and in failing to warn plaintiff of the unsafe condition.

Defendant admits it was the general construction contractor. It therefore stood in the position of a possessor of the property in relation to persons upon the land while the work was in its charge. *Stoeppelman v. Hays-Fendler Constr. Co.*, 437 S.W.2d 143, 148 (Mo.App.1968). It is plaintiff's theory that he was an employee of an independent contractor. As such plaintiff would occupy the status of a business invitee, and defendant, as a possessor of the land, would have a duty to use ordinary care to either provide plaintiff with a safe place to work or to warn plaintiff of unsafe conditions of which he was unaware. *Schneider v. Southwestern Bell Tel. Co.*, 354 S.W.2d 315, 318 (Mo.App.1962). This duty has been held to apply even if the dangerous condition was caused by a fellow servant or an independent contractor since the possessor of land will not be permitted to shift this responsibility to others. *Id.* at 320. We note, however, the term "safe place to work" has been said to be a relative term, because the "[s]afety of the place is judged by the nature of the work." *Saversnick v. Schwarzhild & Sulzberger*, 141 Mo. App. 509, 512, 125 S.W. 1192, 1193 (Mo.App. 1919).

Here, defendant argues that plaintiff "failed to make a submissible case against the defendant as a matter of law, in that the condition complained of was open and obvious and created no duty on defendant to plaintiff." It cites *Larrea v. Ozark Water Ski Thrill Show, Inc.*, 562 S.W.2d 790 (Mo.App.1978) for the proposition that there is no duty to warn an invitee against dangers which are known to the invitee or so obvious that the invitee may be expected to discover them.[2] That is a correct statement of the law.

In *Hokanson v. Joplin Rendering Co.*, 509 S.W.2d 107 (Mo.1974), the Missouri Supreme Court said:

> The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, *and would not be observed by him in the exercise of ordinary care.* The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers.

*Id.* at 111 (emphasis added; citations omitted.)

We do not believe that the evidence here when taken in the light most favorable to plaintiff shows as a matter of law that the hole through which plaintiff fell was known to plaintiff or so obvious that he would be expected to discover it. Plaintiff's evidence showed that the accident occurred during his first day on this project;

---

2. Restatement of the Law of Torts, 2d (1965), §§ 343 and 343A(1), cited with approval in *Hokanson v. Joplin Rendering Co.*, 509 S.W.2d 107, 110 (Mo.1974), provides the following rules regarding liability to invitees:

    [§ 343] A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he

      (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b)

should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

    [§ 343A(1)] A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

that he had not seen plans indicating where holes were to be placed; that he was told what work to do by a man "dressed like a boss"; that while some of the holes in the roof were pointed out to plaintiff, the hole plaintiff fell through was not; that the hole which he fell through was obscured by the plywood board; and that plaintiff was never aware of the hole until he fell through it. In addition, the board which covered the hole did not conform to what plaintiff testified was a custom of the construction trade.[3]

■ We conclude that there was evidence which, if believed, established a duty on the part of defendant to protect plaintiff from a dangerous condition on the premises; there appears to be no dispute as to the sufficiency of the evidence of a breach of this duty, if the duty was owed. The evidence was sufficient to show proximate cause as to the injury. Under the circumstances, we believe plaintiff made a submissible case.

■ The second ground suggested in support of the directed verdict is that plaintiff was contributorily negligent. Because contributory negligence was not pleaded by defendant, it could only enter the case if plaintiff's own evidence established contributory negligence as a matter of law. *Mulliken v. Presley*, 442 S.W.2d 153, 157 (Mo.App.1969). To find contributory negligence as a matter of law, it must appear that reasonable minds, after viewing plaintiff's evidence in the light most favorable to him, could not disagree as to plaintiff's negligence. *Stoeppelman v. Hays-Fendler Construction Co.*, 437 S.W.2d 143, 149 (Mo.App. 1968).

■ Defendant points out plaintiff's own testimony that he did not look beneath the plywood board before putting his foot under the board to gain leverage; plaintiff admitted that had he looked, he would have seen the hole. We note, however, that the hole was concealed from plaintiff's view by the board, both while the board was on the deck and while plaintiff was raising the board. We also note plaintiff's testimony revealed that the arrangement of the board was not that customarily used in covering a hole. Viewing the evidence in the light most favorable to plaintiff, we cannot say that it showed plaintiff's negligence so clearly that reasonable persons could not disagree. Accordingly, we hold that the trial court could not have granted the directed verdict on this ground.

■ The third ground advanced in support of the directed verdict involves the statutory employee issue. It should be noted that the statutory employee defense "is an affirmative defense and the burden of both pleading and proving it is on the defendant . . ." *Miller v. Municipal Theatre Ass'n of St. Louis*, 540 S.W.2d 899, 906 (Mo.App.1976). Again we note that since a directed verdict is under review, the evidence must be viewed in the light most favorable to plaintiff. *Grossman Iron & Steel Co. v. Bituminous Cas. Corp.*, 558 S.W.2d 255, 258 (Mo.App.1977). Upon review, plaintiff's evidence is clearly inadequate, alone, to prove that he was a statutory employee of defendant; additional evidence would have been required for defendant to meet its burden on this defense.[4] A directed verdict, therefore, could not have been properly granted on this ground.

**3.** Plaintiff's evidence clearly was not sufficient to show a common law "custom" in the technical sense of the term, nor did it establish a legal standard of care. It was, however, evidence of the general usages or practices of others engaged in the construction trades, and compares with the allegedly negligent arrangement of the plywood board covering the hole in question. It therefore "may 'properly be admitted in evidence for what it is worth.'" *Broadview Leasing Co. v. Cape Central Airways, Inc.*, 539 S.W.2d 553, 562 (Mo.App.1976).

**4.** Plaintiff stated on cross-examination that he worked for a subcontractor. This statement did not constitute probative evidence; it was a conclusion of the witness, and properly objected to by plaintiff's counsel. Further, we note, defendant would have us rely upon documents presented in support of its motion for summary judgment. Those documents had not yet been offered in evidence at the time the court granted the motion for directed verdict.

Thus, none of the grounds advanced by defendant formed a proper basis upon which the trial court could have directed the verdict for defendant. There being no other grounds apparent to support the court's action, we hold that the trial court erred in ordering a directed verdict for defendant. It is therefore unnecessary to consider plaintiff's other alleged points of error.

Reversed and remanded.

CRIST, P. J., and SNYDER, J., concur.