Donald **JOHNSON**, Plaintiff-Appellant,

v.

**GIVENS REAL ESTATE, INC.**, a corporation, formerly known as Givens and Rolwes, Inc. and Rolwes Company, Inc., a corporation, formerly known as G & R Construction Company, Defendant-Respondent.

No. 41605.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 27, 1981.

David H. Goldenhersh, Richmond Heights, William R. Kirby, St. Louis, for plaintiff-appellant.

Robert H. Burns, Clayton, for defendant-respondent.

CRIST, Presiding Judge.

Appeal from an order sustaining motions by defendants for summary judgment. We affirm.

On April 5, 1972, plaintiff Donald Johnson was injured while performing his duties as an employee of Bathe Electric Heating and Air Conditioning Company (hereinafter "Bathe"). Bathe entered into a subcontract with defendant Rolwes Company, Inc., a corporation, formerly known as G & R Construction Co. (hereinafter "general contractor"). Bathe was to furnish and install heating and air conditioning units in an apartment complex referred to as the Heatherton project. Plaintiff, Bathe and general contractor were all covered by Missouri's Workmen's Compensation Act. Plaintiff entered into a lump sum settlement of his compensation claim under the act.

Undaunted by this good fortune, plaintiff filed a common law negligence suit against general contractor. Plaintiff joined, as a defendant in this suit, Givens Real Estate, Inc., a corporation, formerly known as Givens & Rolwes and Rolwes Company, Inc. (hereinafter "purported owner"). General contractor and purported owner made separate motions for summary judgment which were granted by the trial court. Plaintiff appeals.

The burden of pleading and proving the affirmative defense, that plaintiff was a statutory employee whose exclusive remedy was under Missouri's Workmen's Compensation Act, was on general contractor. *Green v. Crunden Martin Mfg. Co.*, 575 S.W.2d 930, 932 (Mo.App. 1978). Summary judgment is an extreme and drastic remedy appropriate only when there is no genuine issue of fact to be tried. Rule 74.04. "While each case must be determined on its particular facts [citations omitted], when the facts are undisputed and no doubt exists, the court may declare the issue as a matter of law [citations omitted]." *Brown v. Gamble Construction Co., Inc.*, 537 S.W.2d 685, 689 (Mo.App. 1976). An appellate court must review the record in a light most favorable to the party against whom judgment was rendered. Rule 74.04; *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo. App. 1978).

The trial court found, as a matter of law, that plaintiff was a statutory employee of general contractor under § 287.040.3, RSMo. 1969. Plaintiff alleges the evidence did not unassailably show the statutory elements (contract and right of control) necessary to establish plaintiff as a statutory employee of general contractor. To support this allegation, plaintiff cites *Miller v. Municipal Theatre Assn. of St. Louis*, 540 S.W.2d 899, 906 (Mo.App. 1976) and *Green v. Crunden Martin Mfg. Co.*, 575 S.W.2d 930, 932 (Mo. App. 1978). These cases are of no help to plaintiff. While the contract between Bathe and general contractor was orally accepted by one of the parties, the deposition and affidavit offered with the petition for summary judgment leave no doubt the contract was accepted and fully performed by both parties.

Section 287.040, RSMo. 1969 protects each contractor and subcontractor involved in a project on all claims by employees under them. *Brown v. Gamble Construction Co., Inc., supra* at 688. Plaintiff was employed by Bathe and was under the immediate supervision of Bathe's foreman. This evidence is sufficient to establish the element of control necessary to qualify general contractor as a statutory employer. *Wallace v. Porter DeWitt Construction Co.*, 476 S.W.2d 129, 132 (Mo.App. 1971). As a statutory employer, general contractor was immune from a negligence suit by plaintiff. Sections 287.010 et seq., 287.040, RSMo. 1969.

On behalf of its motion for summary judgment, purported owner attached to its petition an uncontroverted affidavit. Rule 74.04(e). Purported owner was absolved of all liability by the affidavit which states that purported owner

was not involved in the development or construction of the Heatherton [apartments] project on which the plaintiff was working as an employee of subcontractor, Bathe Electric Company. The corporation known as Givens and Rolwes [purported owner], at the time mentioned in plaintiff's petition was engaged in the sale of real estate and as such had absolutely no connection of the Heatherton [apartments] project.

Summary judgments affirmed.

REINHARD and SNYDER, JJ., concur.