**Roger RATLIFF, Plaintiff-Appellant,**

v.

**CARGILL, INC., Defendant-Respondent.**

**No. 48144.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

Norbert M. Reker, St. Louis, for appellant.

Jerome W. Seigfreid, Louis J. Leonatti, Ann P. Hagan, Seigfreid, Runge, Leonatti & Pohlmeyer, Mexico, for respondent.

CLEMENS, Senior Judge.

Plaintiff Roger Ratliff was injured when he fell from a ladder. He was then employed as a rodent exterminator by his immediate employer, Abel Waco Ltd. (Waco), which was then doing the exterminating under a contract with defendant Cargill, Inc. (Cargill). Plaintiff had previously recovered a workmen's compensation award from his employer Waco. He then filed this common law damage action against defendant Cargill alleging it had failed to furnish him a safe place to work.

Cargill moved to dismiss plaintiff's action and the motion was granted by the trial court. This on the ground the pleadings and discovery showed protection of Cargill's products from rodent contamination was an essential part of its manufacturing process and therefore when injured plaintiff was defendant Cargill's statutory employee by virtue of Section 287.040(4) RSMo. That statute declares "no such employer shall be liable as in this section provided, if the employee was insured by his immediate or any immediate or any intermediate employer."

Pre-trial discovery showed without contradiction: When plaintiff fell he was employed by Waco to meet its contract with defendant Cargill. This, solely for decontamination of Cargill's plant, this in the usual course of Cargill's manufacturing process. The work was being done by Waco because of Waco's higher ability to meet Cargill's high quality standards. Plaintiff's co-worker Dockens testified Waco's work was to make sure Cargill's product was not contaminated. Cargill's plant manager testified Cargill wanted the work done by

Waco because it was professionally able to meet Cargill's high standard of quality.

Upon submission of plaintiff's claim the trial court found for Cargill, holding: When injured plaintiff was Cargill's statutory employee under Section 287.040 RSMo.; that plaintiff had admitted he was then employed by Waco to decontaminate Cargill's plant as its usual and essential manufacturing process; that plaintiff had received workers' compensation for his injuries; that plaintiff was thus precluded by Section 287.120 RSMo. from bringing this common law action against Cargill.

The challenged judgment is supported by *Parmer v. Bean*, 636 S.W.2d 691[1, 9, 10] (Mo.App.1982). There, plaintiff was injured while working for insured defendant and brought a common law tort action. On plaintiff's appeal from dismissal of his petition we upheld the trial court's dismissal order. We held Section 287.120 RSMo. granting workmen's compensation rights are "exclusive and preclude all common law remedies". We there relied on *Marie v. Standard Steel Works*, 319 S.W.2d 871[3] (Mo. banc 1959), which held the cited statute creates a new, wholly substitutional right that "supplants all other rights and remedies at common law or otherwise".

We conclude the trial court did not err in dismissing plaintiff's common law petition.

Affirmed.

DOWD, P.J., dissents in a separate opinion.

IVAN LEE HOLT, Jr., Special Judge, concurs.

DOWD, Presiding Judge, dissenting.

I respectfully dissent. In my view the dispositive question is whether plaintiff Ratliff's activity was within the usual course or ancillary to defendant's business. *Green v. Crunden Martin Mfg. Co.*, 575 S.W.2d 930 (Mo.App.1978). The principal opinion finds plaintiff to be a statutory employee pursuant to § 287.040(4) RSMo 1978 based on the fact that periodic decontamination of defendant's plant is an essential part of the manufacturing process.

Defendant Cargill is engaged in the manufacture of feed and not the extermination of birds and rodents. The mere fact that decontamination of the plant was essential to its operation does not mean that such service must be considered in the operation of defendant's usual course of business. *Walton v. United States Steel Corporation*, 362 S.W.2d 617 (Mo.1962). I believe plaintiff's service was ancillary to defendant's business and would therefore hold he was not a statutory employee bound by § 287.040 RSMo 1978.