Floyd Hayward SHAVER and Mary
Sayles Shaver, Plaintiffs-Appellants,

v.

FIRST UNION REALTY MANAGE-
MENT, INC.,
Defendant-Respondent.

No. 14516.

Missouri Court of Appeals,
Southern District,
Division Two.

July 22, 1986.

William H. McDonald, Richard C. Miller,
D. Patrick Sweeney, Woolsey, Fisher, Whi-
teaker, McDonald & Ansley, Springfield,
for plaintiffs-appellants.

Robert W. Schroff, John G. Newberry,
Schroff, Glass & Newberry, P.C., Spring-
field, for defendant-respondent.

EUGENE E. REEVES, Special Judge.

This appeal is taken from a summary
judgment entered against plaintiffs-appel-
lants, Floyd Hayward Shaver and Mary
Sayles Shaver, by the Circuit Court of
Greene County, Missouri. Plaintiffs had
filed a common law tort claim against de-
fendant-respondent, First Union Realty
Management, Inc., alleging that plaintiff,
Floyd Shaver, was injured as a result of
various unsafe conditions in an air shaft in
a building owned by defendant. Defendant
asserted in its answer that the tort cause
of action was barred by the provisions of
the Workers' Compensation Law, Chapter
287, RSMo 1978.

On February 12, 1981, plaintiff Floyd Shaver, while engaged in maintenance of defendant's building, looked through a grate into an air shaft and on seeing high water near a sump pump at the bottom of the shaft, started down a ladder from which he fell receiving injuries.

Defendant, First Union Realty Management, Inc., (now known as FURMI, Inc.) is a wholly owned subsidiary of Centerre Bancorporation. FURMI, Inc., at the time of plaintiff's injuries and at the time of the hearing, engaged in the purchase, sale and management of real estate. It was the owner of the building at 300 South Jefferson Avenue, Springfield, Missouri, in which plaintiff was injured.

FURMI entered into written contracts with commercial tenants who occupied space in the building. In these leases, FURMI was responsible for maintaining the exterior and certain portions of the interior in good condition. The area in which plaintiff was injured was an area FURMI was obligated to maintain for the benefit of tenants.

Fred Miles Company, Inc. at the time of plaintiff's injuries was a corporation organized and existing under the laws of Missouri. It was known as a full service real estate company engaged in real estate management and sales activities.

FURMI entered into a contract with Fred Miles Company, Inc. on August 20, 1973, in which Fred Miles Company, Inc. agreed for certain considerations to maintain the building in proper physical condition for occupancy by the tenants of FURMI.

On February 12, 1981, Floyd Hayward Shaver was an immediate employee of Fred Miles Company, Inc. and his day to day activities were supervised by employees of Fred Miles Company, Inc. Fred Miles Company, Inc. carried Workers' Compensation Insurance and plaintiff, Floyd Hayward Shaver, received benefits under the Workers' Compensation Law as a result of the accident which is the subject of this tort action.

Plaintiff, Floyd Hayward Shaver, worked full time as a building engineer on the premises owned by defendant. His duties were to operate and maintain the equipment in the building, principally the heating and air conditioning equipment.

On August 27, 1985, defendant filed a motion for summary judgment under Rule 74.04 (1985) alleging that the exclusive remedy available to plaintiffs is under the Workers' Compensation Law and that plaintiffs' common law tort action is barred. Affidavits, exhibits and suggestions were filed in support of the motion by defendant. Plaintiffs attached several pages from a deposition as exhibits to their suggestions in opposition to the motion for summary judgment.

On September 13, 1985, the trial court granted defendant's motion for summary judgment and entered judgment against plaintiffs on the ground that plaintiff, Floyd Hayward Shaver, was at all times referred to in the actions asserted, the statutory employee of defendant, FURMI, Inc., and that the exclusive remedy was under the Workers' Compensation Laws of the State of Missouri.

■ Section 287.120, RSMo 1978, provides that the rights and remedies granted an employee against his employer under the Workers' Compensation Law are exclusive. Once the employer, the employee and the accident fall under the Workers' Compensation Law, the case is heard by the Workers' Compensation Commission and the Commission's jurisdiction is original and exclusive. *Kemper v. Gluck*, 327 Mo. 733, 39 S.W.2d 330, 332 (banc 1931), cert. denied, 284 U.S. 649, 52 S.Ct. 29, 76 L.Ed. 551 (1931); *Sheen v. DiBella*, 395 S.W.2d 296, 298 (Mo.App.1965).

The trial judge found in accordance with summary judgment procedure that there was no genuine issue of fact and that as a matter of law the plaintiffs, the defendant and the accident fell under the Workers' Compensation Law and that the Workers' Compensation Commission had exclusive jurisdiction under § 287.120, RSMo 1978.

■ We must first determine whether summary judgment procedure under Rule 74.04(b) (1985) was appropriate for deciding the issue of whether plaintiffs' exclusive remedy was under the Workers' Compensation Law. We conclude it was not and that the proper remedy was a motion to dismiss for lack of subject matter jurisdiction under Rules 55.27 and 55.28 (1985).

However, we will consider the motion for summary judgment as a motion to dismiss for lack of subject matter jurisdiction and will review the evidence under Rules 55.27 and 55.28 (1985). *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982).

■ In presenting a motion to dismiss, movant bears the burden of demonstrating that the court's exercise of jurisdiction is improper. *Randall v. St. Albans Farms, Inc.,* 345 S.W.2d 220, 223 (Mo.1961). This burden of proof is not as high as in a motion for summary judgment, where movant's case must be established by "unassailable proof", and if there is the slightest doubt as to the facts, movant must fail. *Peer v. MFA Milling Co.,* 578 S.W.2d 291, 292 (Mo.App.1979).

Parties to this appeal have stipulated that this court may consider not only the affidavits filed in support of the motion for summary judgment, but also all depositions taken in the case. They have also agreed that the record is complete should we conclude to dispose of the case here.

Turning to the question of whether plaintiff, Floyd Hayward Shaver, was a "statutory employee", we look to the language of § 287.040, RSMo 1978, and particularly paragraph one of that section:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

This paragraph contains a three-part test:
1) the work being performed is pursuant to contract,
2) the injury or death was inflicted on or about the premises of the alleged statutory employer,
3) the work performed by the alleged statutory employee must be that which is in the operation of the usual business of the alleged statutory employer.

*Green v. Crunden Martin Manufacturing Co.,* 575 S.W.2d 930, 932 (Mo.App.1978).

Before applying this test, attention will be given to plaintiffs' contention that defendant, FURMI, must have "the right to control the work" of the worker for him to qualify as a statutory employee. He cites *Huddleston v. Gitt and Sons Realty,* 708 S.W.2d 149 (Mo.App.1985), as recent authority for application of the control test.

In that case, the worker was hired by the job to repair the alleged employer's building. He furnished his own paint brushes, drop cloths and ladders and was called to the building as work was needed to be done. He would complete the work and was paid by the job. The only issue discussed in the opinion was whether claimant was an employee. The court was not facing the question of whether the injured worker was a "statutory employee". There is no discussion in the opinion of the use of the building or whether the repairs made were in the operation of the usual business carried on where the injury occurred. Therefore, this authority is not applicable.

■ Under § 287.040(1), lack of control of the daily work activities of the worker is consistent with an individual being a "statutory employee", because he is entitled to benefits even though he is an employee of an independent contractor. *Shireman v. Rainen Home Furnishers, Inc.,* 402 S.W.2d 64, 68 (Mo.App.1966).

The purpose of the statute establishing a class of workers commonly known as "stat-

utory employees" is to prevent an employer from eluding liability by hiring third persons as independent contractors to perform the usual and ordinary work which his own employees would otherwise perform, thus depriving an employee who engages in the usual work of his business the benefits of compensation. *Ferguson v. Air-Hydraulics Co.*, 492 S.W.2d 130, 136 (Mo.App. 1973).

■ Performance of frequent, constant, essential and necessary services in a commercial building by a contractor can be persuasive in finding that an employee of the independent contractor rendering these services in the building is performing work in the operation of the usual business of the building owner. *Viselli v. Missouri Theatre Building Corp.*, 361 Mo. 280, 234 S.W.2d 563 (1950); *Kennedy v. J.D. Carson Co.*, 149 S.W.2d 424 (Mo.App.1941).

What conclusion must be drawn from the essentially undisputed facts in the case before this court? It is clear that plaintiff, Floyd Hayward Shaver, was an hourly employee of the independent contractor, Fred Miles Company, Inc., engaged full time in maintaining mechanical equipment (principally heating and air conditioning) essential to the operation of defendant's commercial building. His maintenance of the equipment, including the sump pump involved in this accident, was frequent, constant and necessary. It was the usual and ordinary work which the commercial building owner's own employees would have otherwise performed.

On these facts, we hold Floyd Hayward Shaver to be a statutory employee of defendant, FURMI, Inc., within the meaning of § 287.040(1), RSMo 1978.

We consider the motion for summary judgment to be a motion to dismiss for lack of subject matter jurisdiction and affirm the conclusion of the trial judge that the worker was a "statutory employee" and barred from bringing this tort action.

However, a dismissal for lack of subject matter jurisdiction, in contrast to a judgment entered pursuant to a motion for summary judgment, is without prejudice because the court has no authority to decide the case on the merits. *Parmer v. Bean,* supra, 636 S.W.2d at 696.

Judgment is affirmed and remanded with instructions to enter an order dismissing without prejudice plaintiffs' cause of action for lack of subject matter jurisdiction.

PREWITT, C.J., HOGAN, J., and FLOYD McBRIDE, C. DAVID DARNOLD and JOHN C. HOLSTEIN, Special Judges, concur.