**James ASBERRY, Plaintiff-Appellant,**

v.

**BANNES–SHAUGHNESSY, INC. and S.M. Wilson Company, Defendants-Respondents.**

**No. 52157.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1987.

William R. Gartenberg, Aaron S. Dubin, Clayton, for plaintiff-appellant.

Daniel T. Rabbitt, George J. Jeggle, St. Louis, for defendants-respondents.

KELLY, Judge.

James Asberry appeals from an order sustaining the defendants' separate motions for summary judgment. We reverse and remand.

On November 15, 1984, James Asberry was injured while working at a construction site. As he walked to a truck, he slipped on a wet piece of plastic, fell forward and hit the edge of a steel beam. In this fall, Asberry allegedly suffered injury to his shoulder, arm, wrist, hand and nervous system, including a broken arm. He filed a Worker's Compensation claim against his immediate employer, E–M–E, Inc. and received compensation payments.

Subsequently, Asberry filed a negligence claim against Bannes-Shaughnessy, Inc., the general contractor for the project, and S.M. Wilson, Co., the subcontractor of Bannes. Wilson had contracted with E–M–E, Asberry's direct employer, to install reinforcing steel at the construction site.

In Asberry's first amended petition, he alleged that E–M–E was an independent contractor, under contract with Bannes and/or Wilson and that the negligence of the defendants created an unsafe working condition which resulted in his injuries. Both defendants filed motions for summary judgment, asserting the statutory employer defense as a bar to a common law tort action; § 287.040 RSMo 1986.[1] They contended that E–M–E was not an independent contractor, but rather a subcontractor of Wilson and a sub-subcontractor of Bannes and that this status made them statutory employers. Affidavits and exhibits, including the contract between Wilson and E–M–E, were filed in support of the motions. Asberry filed a memorandum and an affidavit in opposition to defendants' motions. On July 2, 1986, the trial court granted the defendants' motions and entered judgment against Asberry.

Asberry asserts that the trial court improperly granted summary judgment because the defendants failed to establish the statutory employer defense by unassailable proof. Asberry contends that the contracts submitted in support of the motions were not in evidence at the time the court granted the summary judgment and so could not serve as the basis for the decision. He also argues that even if the contracts were properly before the court, summary judgment was inappropriate because the facts necessary to determine statutory employer status were not sufficiently developed.

In response, Bannes and Wilson argue that they have established the statutory employer defense by unassailable proof. They contend that the affidavits and exhibits submitted in support of the motions establish the relationships of the parties as one of statutory employer-employee. As statutory employers, they are immune from a common law tort action by Asberry. Alternatively, they argue that the trial court lacked subject matter jurisdiction over the action. They state that the subject matter jurisdiction argument closely relates to the statutory employer defense: if Asberry is a statutory employee of

---

1. All statutory references are to RSMo 1986.

Bannes and Wilson, his exclusive remedy lies under the Worker's Compensation Act and the trial court may not entertain jurisdiction over the action. They urge this court to treat the motion for summary judgment as a motion to dismiss for lack of subject matter jurisdiction.

■ Section 287.120 provides that the rights and remedies granted an employee against his employer under the Worker's Compensation Act are exclusive and supplant all other rights and remedies at common law or otherwise. The provision abrogates the original jurisdiction of the courts over actions against the employer for work related injuries if the employer, employee and the accident fall under the Worker's Compensation Act. *Shaver v. First Union Realty Management,* 713 S.W.2d 297, 298[1] (Mo.App.1986). Whether or not the case comes within the provisions of the Act is a question of fact. *Kemper v. Gluck,* 327 Mo. 733, 738, 39 S.W.2d 330, 332[2] (banc), cert. denied 284 U.S. 649, 52 S.Ct. 29, 76 L.Ed. 551 (1931).

Section 287.040 establishes statutory employer-employee relationships for the purpose of imposing liability upon contractors and subcontractors for injuries suffered by their employees. The purpose of this provision is to protect employees of subcontractors who are not financially responsible and to prevent employers from avoiding liability by hiring independent contractors to perform work their own employees would otherwise perform. *Walton v. United States Steel Corp.,* 362 S.W.2d 617, 622[3] (Mo.1962). An employee of a subcontractor to a general contractor may fit within the statutory employee classification under the Worker's Compensation Act. *Brown v. Gamble Construction Co., Inc.,* 537 S.W.2d 685, 688 (Mo.App.1976). Where the statutory employer-employee relationship exists, the Worker's Compensation Act applies and a suit at common law is barred. *Id.* at 620; *Green v. Crunden Martin Mfg. Co.,* 575 S.W.2d 930, 932 (Mo.App.1978).

The burden of pleading and proving this affirmative defense is upon the respondents. *Green,* supra, 575 S.W.2d at 932[3]. When reviewing the summary judgment, the evidence must be viewed in the light most favorable to the party against whom the judgment was rendered. *Johnson v. Givens Real Estate, Inc.,* 612 S.W.2d 797, 799[3] (Mo.App.1981).

■ The proper method for raising the defense of exclusivity of the Worker's Compensation Law is primarily a motion to dismiss for lack of subject matter jurisdiction. *Reinagel v. Edwin Cooper, Inc.,* 688 S.W.2d 375, 376[1] (Mo.App.1985); *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 772[3] (Mo.App.1983); *Shaver,* supra, 713 S.W.2d at 299[2]. The question of subject matter jurisdiction can be raised at any time during the proceedings. *Parmer v. Bean,* 636 S.W.2d 691, 695[12] (Mo.App. 1982). Subject matter jurisdiction is lacking in this case if Asberry could be construed to be a statutory employee.

■ A motion to dismiss for lack of subject matter jurisdiction is a preliminary question of the court's power to act. *Id.* A motion to dismiss is appropriate "[w]henever it appears by suggestion of the parties or otherwise that the court lacks" such jurisdiction. Rule 55.27(g)(3). In presenting this motion, the movant bears the burden of demonstrating that the court's exercise of jurisdiction is improper. *Shaver,* supra, 713 S.W.2d at 299[3]. The burden of proof is not high; it must "appear" by a preponderance of the evidence that the court is without jurisdiction. *Zahn,* supra, 655 S.W.2d at 772[4–5]. The burden of proof is lower since it is not a decision on the merits, the dismissal is without prejudice and because any action taken by a court lacking subject matter jurisdiction is void. *Id. Parmer,* supra, 636 S.W.2d at 695[8].

■ Before categorizing an individual as a statutory employee, a three part test must be met: 1) the work was performed pursuant to a contract, 2) the injury or death occurred on or about the premises of the statutory employer, and 3) the work performed by the alleged statutory employee must be that which is in the operation of the usual business of the alleged statutory employer. Section 287.040; *Green,* supra, 575 S.W.2d at 932[2]. All three elements

must be present before a finding of statutory employee status is made. *Green,* supra, 575 S.W.2d at 932[2].

■ When considering whether the test has been met, the following factors must be considered: 1) the right of the employer to control the employee, 2) the right of the employer to replace one employee with another, and 3) whether the work performed for the employer is merely incidental rather than in actual furtherance of the usual course of his business. *Green,* supra, 575 S.W.2d at 932[4]. Furthermore, the contract must contain a delegation of the usual course of the employer's business to another to satisfy the contract element of the statutory employer defense. *Id.* at 933[6].

Before applying this test, attention is given to Asberry's contention that the contracts submitted in support of the motion for summary judgment were not properly before the trial court. He cites *Guthrie v. Reliance Const. Co.,* 612 S.W.2d 366 (Mo. App.1980) as authority for this contention.

In *Guthrie,* a worker employed by a sheet metal company was accidentally injured at the construction site of a nursing home. The worker, Guthrie, sued the general contractor of the construction project for negligence. The general contractor moved for summary judgment, asserting the statutory employer defense. The trial court overruled the motion. At the close of Guthrie's case, the trial court granted a directed verdict for the general contractor. We reversed and remanded basing our decision in part on the statutory employer issue. We found Guthrie's evidence insufficient to support the conclusion that he was a statutory employee. We held that the documents presented in support of the general contractor's motion for summary judgment could not be considered as support for the directed verdict because they had not been offered in evidence at the time the court granted the directed verdict. *Id.* at 370 fn. 4.

Asberry misapplies the *Guthrie* case to the case at bar. The stage of litigation at which the documents became an issue in *Guthrie* is not the same as here. In *Guthrie,* the documents could not be considered for support on appeal because they were not a part of the trial record. In the present case, the contracts were attached to the affidavits supporting the motions for summary judgment. The affidavits incorporate the contracts by reference. Because these affidavits were presented in accordance with Rule 55.28, we conclude that the contracts were properly before the trial court.

■ In examining the evidence before the trial court, we find an incomplete record on which to base a conclusion that Asberry was a statutory employee of Bannes and Wilson. None of the evidence presented addresses the issue of control over employees or the right of either employer to replace one employee with another. The contract between Bannes and Wilson is not a part of the record and so the court cannot determine the responsibilities of those parties or whether the contract contains a delegation of the usual course of Bannes' business to Wilson. Because evidence of Wilson's usual course of business is not presented, it is impossible to determine whether the contract between Wilson and E–M–E contains a delegation of the usual course of Wilson's business to E–M–E. Furthermore, the contract between Wilson and E–M–E itself contains contradictions regarding their relationship; E–M–E is referred to as a subcontractor at some points and as an independent contractor at another point. From the evidence presented, a conclusion regarding statutory employer-employee status cannot be made.

Because we cannot determine statutory employee status under the preponderance of the evidence standard, an issue of material fact exists. A summary judgment can only be granted when the court determines from the pleadings, depositions, admissions and affidavits on file that there is no genuine issue of material fact. Rule 74.04(c); *Parmer,* supra, 636 S.W.2d at 694[2]. Because of the existence of a material fact in the present case, the summary judgment granted by the trial court was premature.

It is the duty of the appellate court to dispose finally of the case before it unless justice otherwise requires. Rule 84.14.

That duty presupposes a record and evidence upon which the court can perform that function with some degree of confidence in the reasonableness, fairness and accuracy of its conclusion. When such record and evidence are not presented, reversal and remand necessarily follow. *Taylor v. Coe*, 675 S.W.2d 148, 150[4] (Mo. App.1984). The evidence required to prove by a preponderance of the evidence that subject matter jurisdiction is lacking because of Asberry's status as a statutory employee has not been presented in this case, and there exists a genuine issue of material fact on the question of plaintiff's statutory employee status. Therefore, the judgment is reversed and the cause remanded.

SATZ, P.J., and CRIST, J., concur.