Eddie M. CANADY, individually, and as guardian ad litem for Frederick Canady, Vincent Darell Canady, Thomas Gerald Canady and Edward L. Butler, Plaintiffs–Appellants,

v.

CRYSTAL DEVELOPMENT CORPORATION and Manlin & Liebert Builders, Inc., Defendants–Respondents.

No. 53839.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1988.

Rehearing Denied Sept. 12, 1988.

Richard Schwartz & Associates, Richard E. Schwartz, St. Louis, for plaintiffs-appellants.

Brown, James, & Rabbitt, P.C., Daniel T. Rabbitt, Charles E. Reis, IV, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Widow and children of John Canady appeal summary judgment granted defendant Crystal Development Corporation [Crystal] and defendant Manlin & Liebert Builders, Inc., [Manlin & Liebert]. Plaintiffs' action is based upon a wrongful death suit arising from injuries resulting in the death of John Canady, a carpenter who fell while working as an employee of Leo Echele Drywall, Inc., [Echele]. Defendant Crystal was sued as owner of the premises where the accident occurred during the construction of a residence. Defendant Manlin & Liebert was sued as the construction manager of the project for Bluesprings Construction Corporation [Bluesprings], the general contractor.

On September 1, 1987, the court considered plaintiffs' motion for partial summary judgment and motion of defendant Crystal for summary judgment. The court determined that it lacked subject matter jurisdiction over plaintiffs' claims against defendant Manlin & Liebert because plaintiffs' remedies, if any, were governed exclusively by the Workers' Compensation Act. It dismissed that claim based upon a finding that John Canady was a statutory employee of defendant Manlin & Liebert, under Section 287.040(3) and (4) RSMo 1978. The court sustained motion of defendant Crystal for summary judgment on either or both of two grounds: (1) Crystal was not the landowner of the property where the accident occurred because it transferred the property to a "sister" corporation, Bluesprings, two months prior to the casualty and before any construction had begun on the premises; or, (2) if Crystal was the "owner" of the property then it is not liable, as owner, under Section 287.-040(1) RSMo 1978 because the work did not involve a non-delegable, special or inherent risk.

The summary judgment facts were presented to the court in the form of depositions, exhibits made part of the depositions, and unopposed exhibits attached to memorandum in support of the motions. From the depositions and the exhibits we find the following facts to be undisputed.

On October 1, 1981, John Canady and a co-employee of Echele were hanging large sheets of drywall, weighing fifty-sixty pounds, above an empty stairwell in a residence under construction. They were working nine feet above a concrete basement floor and over space provided for future installation of a staircase to the basement. Both men were using a discarded wood floor truss as a substitute for a scaffold across the open stairwell. Such

practice was prohibited by OSHA Construction Safety Regulations.

In April, 1981, Lot 42 of Barrington Place Plat 2, the premises were owned by Crystal. On April 29, 1981 Crystal contracted to sell the lot to Dr. Willman and to construct a house for him. On July 31, 1981, Crystal transferred the property by general warranty deed to Bluesprings. This was done to enable Bluesprings to obtain construction financing and build the house. Thereafter, Crystal did not own, possess or control the premises. Bluesprings operated as owner and general contractor for the construction of the residence. It completed the house and transferred it to Dr. Willman. Plaintiffs sued Bluesprings, but later withdrew that claim. *See*, Section 287.040.1 RSMo 1978 which immunizes general contractors as statutory employers.

In 1981, Charles Liebert and Richard M. Manlin were the sole owners of Manlin & Liebert Builders Inc., a Missouri corporation. Manlin & Liebert Builders Inc., was the sole owner of Crystal Development Corporation and Bluesprings Construction Corporation. Bluesprings and Crystal were sibling corporations and subsidiary corporations of Manlin & Liebert. By deposition, Charles Liebert testified that Bluesprings was the general contractor; Manlin & Liebert was not an operating company; rather, it was a holding company and, on this project, furnished management services for Bluesprings. The management services provided advice, safety, bookkeeping, clerical and organizational tasks and the activities of S. Richards Bruno as a project manager on the job site. Bluesprings had no employees on site. Bruno was an employee of Manlin & Liebert, not an employee of Bluesprings, the general contractor. Bruno testified that his employment did not include authority to enter into a contract with Leo Echele Drywall Inc. However, Leo Echele, owner and operator of Leo Echele Drywall Inc., testified that he ordered materials and began work on the job site after telephone notice from Bruno. None of the corporations had written contracts. Echele had no contract in writing with Manlin & Liebert or Bluesprings. Manlin & Liebert had no written contract with Bluesprings. Echele invoiced Manlin & Liebert, but was paid by Bluesprings. Other summary judgment facts will be noted as required.

Plaintiffs alleged in their petition that John Canady was employed by Echele, and he sustained injuries for which Crystal was liable. Plaintiffs' theory is that the drywall installation was inherently dangerous work. Specifically, the breach of duty assigned was failure to engage a competent contractor and subcontractors, to exercise proper supervision over the work, including safety inspections and monitoring, and to keep the work area free from debris and scrap. Plaintiffs alleged that both defendants failed to provide a scaffold or other safety or protection devices to cover the basement opening. They also allege that Crystal entered into a verbal construction contract with Bluesprings and that Bluesprings hired defendant Manlin & Liebert to act as a construction manager. Plaintiffs contend that Manlin & Liebert was not an intermediate subcontractor of Bluesprings and that Echele was a subcontractor to Bluesprings.

Crystal was entitled to summary judgment only if the undisputed or summary judgment facts, viewed in a light most favorable to plaintiffs, together with all reasonable inferences which may be drawn from those facts constitute unassailable proof that Crystal was entitled to judgment as a matter of law. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987). Under this standard we find summary judgment for Crystal was proper. The controlling undisputed fact is that at the time construction was begun and at the time of the casualty, Crystal was not the owner of the real estate on which Bluesprings was building a residence. For that reason Crystal had no common law duty to employees of subcontractors and no statutory duty under Section 287.040(1) RSMo 1978.

■ Plaintiffs filed a motion for partial summary judgment on the issue of defendant's statutory employee defense. As part of that motion plaintiffs informed

the trial court "the land owner of the premises where the house was being erected ("improvements") was Bluesprings." A similar statement appears in plaintiffs' brief. The July 29, 1981 deed from Crystal to Bluesprings requires that conclusion. Crystal was neither the owner nor the possessor of the real estate. Accordingly, it had no duty to perform any of the acts assigned as negligent in plaintiffs' petition. Prior to the July 31, 1981 deed Crystal may have had a verbal contract with Bluesprings to construct the house it contracted to build for Dr. Willman. Charles Liebert so testified. However, after executing and recording the deed such contract became irrelevant to the issues. After the deed was recorded Crystal was a stranger to the construction including any agreement by one of the corporations with Echele, the direct employer of plaintiffs' decedent. The deed transferred any ownership interest and any right to possess the premises.

Plaintiffs have argued to this court that Crystal's liability arises under Restatement (Second) of Torts, Section 413. Section 413 imposes a duty on the "employer" of an independent contractor where the work to be performed by the independent contractor is likely to create a peculiar unreasonable risk of harm to others. This theory has been described as the peculiar risk doctrine. *See, Smith v. Inter–County Telephone Co.,* 559 S.W.2d 518, 521 (Mo. banc 1977). The doctrine is an exception to the general rule that the "employer" is not liable for negligent acts of an independent contractor. *Id.* Plaintiffs also argue, in the alternative, Crystal was liable based on Restatement (Second) of Torts, Sections 416–429, which assigns liability to an employer who, although not negligent himself, hires a negligent independent contractor to perform work which involves a peculiar risk, one inherently dangerous.

Both theories fail because on undisputed evidence, confirmed by plaintiffs' own statements in their motion for summary judgment and in their brief, defendant Crystal was not the owner of the premises during the construction. Crystal did not contract with any builder. It did not "employ" Bluesprings to build the house.

When the house was constructed, Bluesprings was both the owner and its own general contractor. Accordingly, the sections of the restatement adopted in Missouri in *Stubblefield v. Federal Reserve Bank of St. Louis,* 356 Mo. 1018, 204 S.W.2d 718, 722 (1947) and *Hofstetter v. Union Elec. Co.,* 724 S.W.2d 527, 530 (Mo.App.1986) are not applicable to defendant Crystal. Nor is it necessary for us to reach the fact question of whether the work to be performed by John Canady for his direct employer, Echele, was inherently dangerous. On undisputed facts, after the execution and recording of the deed from Crystal to Bluesprings, Crystal was no longer an owner with a duty to employees of subcontractors engaged in construction of the residence.

We review the dismissal of plaintiffs' claim against defendant Manlin & Liebert for lack of subject matter jurisdiction under the same standard. The trial court found plaintiffs' decedent was a statutory employee of Manlin & Liebert under Section 287.040(3) & (4) RSMo 1978. It reached that conclusion when considering plaintiffs' motion for partial summary judgment which requested the court to reject the statutory employee defense. *See,* Rule 74.04(c), amended effective January 1, 1988. The judgment depended on summary judgment facts developed in discovery proceedings.

Plaintiffs advance two positions. First, they contend Bluesprings was the general contractor and Echele contracted directly with Bluesprings. Manlin & Liebert was not an intermediate subcontractor between Bluesprings and Echele. Second, in the alternative, there remains an issue of fact whether Manlin & Liebert was an intermediate subcontractor. In either case Section 287.040(3) & (4) RSMo 1978 does not support summary judgment. Manlin & Liebert counters that it was an intermediate subcontractor. In that capacity it is immune from common law liability under these sections.

Where the statutory employer-employee relationship exists, the Workers'

Compensation Act applies and suit in common law is barred. *Brown v. Gamble Construction Co. Inc.*, 537 S.W.2d 685, 688 (Mo.App.1976). Where a statutory employer-employee relationship does not exist, however, "the common law action, if negligence can be shown ... [is] available as a remedy for the injured person." *Wilson v. Hungate*, 434 S.W.2d 580, 582 (Mo.1968). Because the Workers' Compensation Act is a derogation of the common law, it must be strictly construed where existing common law rights and remedies are affected. Such rights should not be taken from an employee unless they are abolished by clear and unambiguous terms. The burden of pleading and proving this affirmative defense is upon defendant. *Asberry v. Bannes–Shaughnessy, Inc.*, 734 S.W.2d 250, 252 (Mo.App.1987).

■ The judgment was not granted in response to a motion to dismiss on the authority of Rule 55.27(g)(3). It depended on undisputed facts developed in discovery proceedings, unassailable facts to support a conclusion that plaintiffs' decedent was a statutory employee of defendant Manlin & Liebert as a matter of law. Resolution of plaintiffs' claim of error depends upon whether Manlin & Liebert was, on such facts, an intermediate subcontractor between Bluesprings, the general contractor, and Echele, the immediate employer. We find such facts were not available.

Sections 287.040(3) & (4) RSMo 1978 provide that an independent contractor is deemed to be the employer of the employees of his subcontractors. *Anderson v. Steurer*, 391 S.W.2d 839, 843–846 (Mo. 1965); *Brown v. Gamble Construction Company Inc.*, 537 S.W.2d 685, 687–688 (Mo.App.1976). These sections protect "each contractor and subcontractor involved in a project on all claims by the employees under them." *Johnson v. Givens Real Estate*, 612 S.W.2d 797, 799 (Mo. App.1981). Manlin & Liebert argue that it "is deemed to be the employer of decedent John Canady because decedent John Canady was employed by respondent Manlin & Liebert Builders, Inc.'s subcontractor, Leo Echele Drywall, Inc." It claims that Man-

lin & Liebert contracted with Echele to perform the drywall work at the house. The question is whether, on unassailable facts, Bluesprings contracted with Manlin & Liebert which in turn contracted with Echele. As a matter of summary judgment that fact was not established for the trial court. A question of fact remains whether Bluesprings contracted with Manlin & Liebert, and separately Bluesprings contracted with Echele, or, whether the "in-line" contracts relied on by Manlin & Liebert prevailed. For that reason dismissal of plaintiffs' claim against Manlin & Liebert is reversed and remanded.

Leo C. Echele was deposed as the owner and operator of Leo Echele Drywall Inc. S. Richards Bruno, an employee of Manlin & Liebert, contacted Echele and requested that he install the drywall on the residence. Bruno was undoubtedly an employee of Manlin & Liebert. However, there is no evidence that his request was that Echele undertake the work as a subcontractor of Manlin & Liebert. There is no evidence from the testimony of Bruno or any other witness that Manlin & Liebert was operating as a subcontractor for Bluesprings with authority to subcontract any of the work on behalf of Manlin & Liebert. Echele submitted an invoice for its drywall work to Manlin & Liebert, but the invoice was paid by Bluesprings. These facts are not conclusive on the issue of whether Manlin & Liebert was an intermediate subcontractor.

Charles Liebert testified that in performing management services Manlin & Liebert was not an operating company in the construction of the house. It was a management company for a fee and furnished management services to Bluesprings as previously detailed in this opinion. It did so without a formal contract with Bluesprings. The fact that Bluesprings honored the work of Echele, arranged by Bruno, does not, as a matter of law, require a finding that Manlin & Liebert was an intermediate subcontractor between Bluesprings and Echele, particularly in light of Charles Liebert's testimony that Manlin & Liebert was not an operating company.

Leo Echele testified that he was a subcontractor. When asked who was the general contractor he answered, "[w]ell, they got all different companies, so I——we got paid through Blue [springs]." He was not certain whether Bruno, in retaining Echele, was speaking for Manlin & Liebert or Bluesprings. Echele had performed services on other homes in Barrington Place Subdivision, not always at the request of Bruno. None of the work was done under written contract with any particular corporation.

On the facts before the trial court Manlin & Liebert performed services for Bluesprings. However, it is an open question on disputed or unproven facts whether Manlin & Liebert contracted with Echele for purposes of applying Section 287.040(3) RSMo 1978. The same facts would support a conclusion that Manlin & Liebert, as a holding company, utilized Bluesprings as a general contractor and that Bluesprings merely paid an overhead fee for management services, including both record keeping matters and furnishing Bruno as an on-site manager, but not as an intermediate subcontractor. Manlin & Liebert has not proven by unassailable summary judgment facts that the affirmative defense of statutory employer applies.

Manlin & Liebert cite *Anderson v. Steurer,* 391 S.W.2d 839 (Mo.1965) as a case presenting similar facts. In *Anderson,* a general contractor, Moeller Construction, subcontracted with Steurer for lathing and plastering work. Steurer then hired Stroup Lathing Company to do the lathing work. Plaintiff was an employee of Stroup Lathing Company. Plaintiff was injured working at the job site. Stroup Lathing had been doing all the lathing for commercial jobs for Steurer for several years under an informal arrangement and without the benefit of a formal contract. The Supreme Court found Steurer a statutory employer of employees of Stroup. However, the existence of the subcontract from Moeller to Steurer and from Steurer to Stroup was not an issue. Steurer was an intermediate contractor. For that reason, *Anderson* is not controlling.

In the present case the deposition testimony of Leo Echele was that he was a subcontractor for different companies on different houses, not always for Manlin & Liebert and not always at the request of Bruno, an employee only of Manlin & Liebert. Furthermore, an affidavit before the trial court stated, as a fact, that the usual business of a construction manager, Bruno for Manlin & Liebert, does not include the authority to enter into contracts with subcontractors because no portion of the construction work is delegated to a construction manager.

The testimonial evidence that Bruno contacted Echele to do the drywall work is not probative that the Echele contract was with Manlin & Liebert. The summary judgment facts would support a finding that Manlin & Liebert was a "parallel" subcontractor with Echele, because Manlin & Liebert and Echele were separately and independently employed by Bluesprings. In that event, plaintiffs are entitled to try their claim against Manlin & Liebert on the theory that Manlin & Liebert assumed the duties alleged to have been breached in the petition. *See, August Viermann Bricklaying Company v. St. Louis Contracting Co.,* 335 Mo. 534, 73 S.W.2d 734 (1934).

■ Manlin & Liebert is not entitled to immunity from common law suit under the Workers' Compensation Act simply because it is a parent corporation of the immune general contractor, Bluesprings. In *Boswell v. May Centers Inc.,* 669 S.W.2d 585, 587 (Mo.App.1984), this court observed that the exclusive remedy provision of the Workers' Compensation Act is not a bar to a common law action against a parent or subsidiary corporation of the plaintiffs' immediate employer. The rationale of that opinion also applies here for the parent of the general contractor whose assets are shielded from claims against Bluesprings.

Whether plaintiff is a statutory employee of defendant is a jury question. *Cline v. Carthage Crushed Limestone Co.,* 504 S.W.2d 102, 110 (Mo.1973); *Asberry v. Bannes-Shaughnessy, Inc.,* 734 S.W.2d 250, 252 (Mo.App.1987). Under the standard of review in *Gast v. Ebert,* and the

uncertain facts relating to the contractual relationships between Bluesprings, Echele and Manlin & Liebert, the question of whether plaintiffs' decedent was a statutory employee of Manlin & Liebert remains a fact question in dispute.

We affirm summary judgment in favor of defendant Crystal Development Corporation. We reverse and remand the summary judgment and dismissal granted defendant Manlin & Liebert Builders, Inc.

SMITH and KELLY, JJ., concur.