Scott **JULIN**, Appellant,

v.

**TCI CABLEVISION, INC.,** Appellee.

No. 88–1918.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1988.

Decided Feb. 6, 1989.

J.P. Dosland, Moorhead, Minn., and Roger G. Brown, Jefferson City, Mo., for appellant.

P. Pierre Dominique, Jefferson City, Mo., for appellee.

Before HEANEY * and FAGG, Circuit Judges, and HANSON,** Senior District Judge.

PER CURIAM.

Scott Julin sued TCI Cablevision, Inc. (TCI), asserting TCI's negligence proximately caused his injuries. The district court granted TCI's motion for summary judgment, and Julin appeals. We affirm.

TCI provides cable television services. When TCI decided to extend its services to an additional residential area, it constructed a transmission line in that area. Next, rather than use its own limited staff of installers, TCI contracted with Telecrafter Corporation (Telecrafter) to solicit new subscribers and to make the cable connections. Julin worked as an installer for Telecrafter. His task was to install the cable that linked TCI's transmission line and the homes of TCI's subscribers.

Under an agreement, TCI had authority to attach its cable to utility poles owned by the local electric company. Julin was injured while climbing one of the utility poles covered by this agreement. Julin filed for workers' compensation, and Telecrafter's insurance carrier began paying for Julin's medical expenses and disability.

On appeal, we must determine whether the district court correctly granted summary judgment by holding Julin was a statutory employee, *see* Mo.Rev.Stat. § 287.040 (1986), and, thus, barred under the workers' compensation law from bringing this negligence suit, *see id.* § 287.120 (1986). Under rule 56, the district court should grant summary judgment when no genuine issue of material fact exists in the case and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). This summary judgment standard is similar to the directed verdict standard. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986). In both situations, the question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S.Ct. at 2511-12; *see Brown v. Gamble Constr. Co.,* 537 S.W.2d 685, 689 (Mo.Ct.App.1976) ("It is not the rule that * * * whether one is a statutory employer or employee is always to be resolved by the jury. If the evidence shows, as a matter of law, that plaintiff was a statutory employee of the defendant,

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

the trial court should direct a verdict for defendant * * *.").

Under this framework, the court applied section 287.040 to the undisputed facts and determined Julin was a statutory employee. We conclude the district court properly granted summary judgment. Accordingly, we affirm. *See* 8th Cir.R. 14.