# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1250

_____

| | | |
|---|---|---|
| David Perez, husband; Pauline McBride, wife, | * * * | |
| Appellants. | * * | On Appeal from the United States District Court for the District of South Dakota. |
| v. | * * | |
| Matthew F. Gaffey, duly appointed, qualified, and acting Deputy States Attorney of Charles Mix County; Roy King, a duly appointed, qualified and acting social worker of the State of South Dakota; Sally Winter, an individual, | * * * * * * * * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted: November 16, 1998
Filed: December 10, 1998

_____

Before BOWMAN, Chief Judge, BRIGHT, and MAGILL, Circuit Judges.

_____

PER CURIAM.

### I.

David Perez and Pauline McBride brought this § 1983 civil rights claim, alleging the constitutional tort of malicious prosecution, in violation of Perez' right to be free

from unlawful arrest and of McBride's rights to a personal (marriage) relationship with Perez. The complaint named as defendants Matthew F. Gaffey, a deputy states attorney for Charles Mix County in South Dakota, who instituted prosecution of Perez; Roy King, a social worker in South Dakota; and Sally Winter, a banker who testified as a witness before a grand jury for Charles Mix County. Determining that absolute immunity extended to all defendants, the district court dismissed the case on summary judgment. We affirm on the grounds that absolute immunity applies to prosecutor Gaffey and grand jury witness Winter. With respect to King, the record establishes qualified immunity as a matter of law, although not absolute immunity.

## II.

In 1995, when McBride failed to report to her physician for blood examinations, the physician's assistant, Beth Schroeder, contacted Roy King, an Adult Services and Aging social worker in South Dakota. Ms. Schroeder expressed an opinion that perhaps David Perez, McBride's forty-year-old husband, may have prevented McBride, age eighty-five, from obtaining treatment.

Investigation and presentation before the grand jury led to an indictment against Perez for theft by deception and theft by exploitation, and his subsequent arrest. Upon mutual agreement, a medical doctor examined McBride and determined her to be competent to make decisions regarding her property; and prosecutor Gaffey voluntarily dismissed the criminal case. The plaintiffs then brought this suit in federal court, joining a state law claim for malicious prosecution.

Magistrate Judge Mark Marshall, before whom the case was heard, properly granted summary judgment in favor of Gaffey and Winter. The record shows that Gaffey acted solely as a prosecutor in this case and, as such, properly received absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (holding that absolute immunity is available to prosecutors defending against § 1983 actions). Similarly, the

2

record shows that Winters, whose participation in the case related to her testimony before the grand jury, properly received absolute immunity.  See Strength v. Hubert, 854 F.2d 421, 424 (11th Cir. 1988) (holding that, because witness testimony at a grand jury hearing is a function that is intimately associated with a judicial phase of the criminal process, absolute immunity should be granted to grand jury witnesses); San Filippo v. U.S. Trust Co. of NY, Inc., 737 F.2d 246, 254 (2d Cir. 1984) (noting that, although the United States Supreme Court left this question open, "it must follow that grand jury witnesses should be similarly protected"); Kincaid v. Eberle, 712 F.2d 1023, 1023-24 (7th Cir. 1983) (finding that common law gave absolute immunity to grand jury witnesses, and that the same policy considerations that are significant in trial witness testimony exist in grand jury witness testimony); see also, Myers v. Bull, 599 F.2d 863, 866 (8th Cir. 1979) (holding that absolute immunity applies to witnesses who testify at a deposition).

Additionally, although the magistrate judge granted King absolute immunity as a grand jury witness, we note that the ruling did not take into account King's investigatory activities.  Nonetheless, the record supports a finding that King, as a social worker investigator, is clothed with the same qualified immunity as a police officer.  See Manzano v. South Dakota Dep't of Soc. Serv., 60 F.3d 505 (8th Cir. 1995) (holding that various state officials, including social workers, were entitled to qualified immunity for child abuse investigations); Lux by Lux v. Hansen, 866 F.2d 1064 (8th Cir. 1989) (concluding that a social worker who investigated into child abuse reports was entitled to qualified immunity).

Finally, the federal case, as well as the state case, failed on grounds that the record does not disclose any evidence of malice by any defendant.

Accordingly, we affirm the district court's grant of summary judgment to all defendants.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.